[No. 3,759.]

## CHARLES HARVEY *v.* LOOMIS WARD.

A JUDGMENT AS EVIDENCE.—If one of two partners own real estate as such, and one of them is indebted to the other, and the creditor sells his interest in the real estate and ,partnership assets, and his demand against the other to a third person, and such third person brings an action against the partners for an accounting, and to have the amount due the partner from whom he purchased declared a lien on the partnership real estate, and recovers judgment, such judgment is evidence tending to show an indebtness from the debtor partner to the plaintiff, in an action brought by the plaintiff, to enforce the lien of the judgment against the real estate, against a fourth person who bought the real estate from the debtor partner during the pendency of the former action.

APPEAL from the District Court, Second Judicial District, Tehama County.

On the 2d day of June, 1863, William Chard and Daniel Finch, were, and for many years prior thereto had been partners, under the firm name of Chard & Finch, and as such engaged in operating and maintaining a ferry across the Sacramento River at the town of Tehama, in the County of Tehama, and State of California. During the existence of the partnership, on or about the 3d day of February, 1858, the firm purchased certain real estate in Tehama County, for its use and benefit, paid for it with partnership funds, and continued to use the same in said partnership business, until the second day of June, 1863, at which time Finch was largely indebted to Chard on account of said partnership business, and on that day, for a valuable consideration, Chard sold and conveyed to the plaintiff all his interest in the ferry and said real estate, with all the rents and profits, and all debts and demands due said firm, or to become due to the same from said business and from Finch.

After this sale from Chard to the plaintiff, the ferry and the business thereof was carried on by Finch, until the 29th day of February, 1864, and all the profits accruing from the same were received by him. On the last named day the plaintiff commenced an action in the Court below against said Finch, to wind up, and have an account taken and a settlement made of said partnership business (Chard being made a party to said action). Upon the trial of said action, Finch was found to be indebted to the plaintiff in the sum of $3,580 99, for which sum and $167 30, costs of suits, judgment was rendered in said Court, in favor of the plaintiff, and against Finch, and it was further adjudged and decreed in said action that the said real estate was partnership property belonging to said firm, and liable as assets for the payment of said judgment, and it was ordered to be sold, etc., and the proceeds brought into Court.

During the pendency of said action, and on the 22d day of August, 1864, Finch sold to the defendant here all his right and title to and in said real estate, and executed to him a deed therefor. The defendant purchased with knowledge of the pendency of the action, and with notice of the partnership, and of the indebtedness of Finch to Chard, but no *lis pendens* was filed. The judgment of the plaintiff remaining unenforced, he, on the 12th day of May, 1868, brought this action to have the interest of Finch in the real estate sold, and the proceeds applied to the payment of said judgment. On the trial, the plaintiff offered in evidence said judgment. The defendant objected, but the Court overruled the objection. The plaintiff had judgment and the defendant appealed.

*C. P. Braynard* and *Creed Haymond,* for the Appellant.

The objection to the judgment roll should have been sustained. The defendant was not a party to the action, nor had any notice *lis pendens* been filed. (*Pico* v. *Webster,* 14 Cal. 202.)

*J. Chadbourne,* for the Respondent.

By the COURT:

1. We think that the findings of the Court are sustained by the evidence.

2. There was no error in overruling the objection to the introduction of the judgment roll in the action of *Harvey* v. *Finch*. The objection taken was that the roll was "irrelevant, immaterial and not pertinent to any issue in this case." The judgment roll was admissible as evidence tending to prove the indebtedness of Finch to the plaintiff.

Judgment affirmed. Remittitur forthwith.