EDWARD B. HURD *et al.*, Plaintiffs in Error, *v.* MELANC-THON BURR *et al.*, Defendants in Error; and
JOHN W. DAVIS, Plaintiff in Error, *v.* JOHN W. CHICK-ERING, Defendant in Error.

### ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

In Cook county, where a note is the cause of action, and the declaration besides special, contains the common counts, the affidavit of merits to a plea, may be general, and go only to a part of the damages claimed. Former decisions reviewed.

If a plaintiff shall abandon the common counts, and the defendant shall then refuse to swear that he has a meritorious defense, the plaintiff will be entitled to a judgment.

If the plaintiff, after a plea filed, shall limit his demand, and the defendant refuses to make a further affidavit, judgment may pass as by default.

Judgment against several cannot go, upon service of notice, etc., on one; nor does filing notice, in the office of the clerk of Cook County Court, meet the exigency of the statute.

THE following shows the state of the record in the case of *Hurd et al.* v. *Burr et al.*:

This was an action of assumpsit in the Cook County Court of Common Pleas, by the defendants in error, against the plaintiffs in error.

Summons issued on the 20th day of June, 1855, returnable on the 1st Monday of July, then next, and was served on the 21st day of June, 1855, on Hurd, Periam and Ruckel, and returned "not found," as to Beebe.

On the 20th of June, 1855, declaration counting on a promissory note for $171.23, with the common money counts for

$2,000, was filed with a general breach, and damages laid at $2,000.

Attached to this declaration, was an affidavit showing a service on the 21st day of June, on Joseph Periam, one of the defendants below, of a copy of the declaration, and that the same had been filed "in the office of the clerk of the Cook County Court," and that a rule to plead in ten days had been entered.

On the 22nd day of June, the defendants below filed with the clerk of the Cook County Court of Common Pleas, a plea of non-assumpsit, with an affidavit thereto attached, sworn to by their attorney, stating that he was advised and believed that defendants below had "a good defense to said suit, or a portion of the same, upon the merits."

At the July vacation term, on motion of plaintiffs below, the said plea was stricken from the files, and a judgment by default for want of appearance.

Thereupon, the court upon proof, assessed the plaintiffs' damages at $1,125.69, and rendered final judgment against all of the defendants below, and ordered execution therefor.

In the case of *Davis* v. *Chickering*, the record is as follows:

This was an action of assumpsit, brought by John W. Chickering, defendant in error, against John W. Davis, plaintiff in error, in the Cook County Court of Common Pleas, to the January term, A. D. 1858.

The defendant, for plea, filed the general issue, and defendant's affidavit of merits January 5th, 1858.

Plaintiff moved to strike defendant's plea from the files, for want of a sufficient affidavit of merits.

This motion was allowed by the court. Defendant's default was thereupon ordered to be taken, and judgment entered against defendant.

The affidavit of merits was as follows:

*John W. Davis*, being duly sworn, according to law, on oath says, that he is defendant in the above entitled cause, and that he believes he has a good defense, upon the merits, to a part of the amount of damages claimed by said plaintiff in said action.

Defendant, by his counsel, prayed an appeal in said cause to the Supreme Court, which was allowed.

DICKEY, MATHER & TAFT, for Hurd *et al.*

B. E. GALLUP, for Burr *et al.*

M. R. M. WALLACE, and T. LYLE DICKEY, for Davis.

SHUMWAY, WAITE & TOWNE, for Chickering.

BREESE, J.   The statute under which the questions presented in this record arise, is partial, local and in derogation of the general law of the State on the same subject, and being so, it should be construed liberally for all those who are liable to be oppressed by it.

We have considered this statute, to some extent in *McVicker* v. *Wright, post,* and then expresssed our convictions that for the locality for which it was enacted it should be construed strictly—no greater effect to be conceded to it, than its language demands.

It has come before the court in other cases, for construction. In *McDonnel* v. *Olwell et al.,* 17 Ill. R. 375, we expressed the opinion, taking a liberal view of the statute as operating upon defendants, that an affidavit of a defense on the merits, was sufficient without affirming that affiant had, in the language of the statute, a " good " defense.   In that opinion, it is clearly foreshadowed, that an affidavit of a partial defense on the merits would, also, be a compliance with the act, and accordingly, when the next case arose, *McDonnell* v. *Murphy,* 20 Ill. R. 346, we then said that an affidavit by a defendant, stating that he has a good defense to a part of the damages claimed would be insufficient, but if the affidavit was directed to a part of the cause of action, it would be sufficient.   Upon more mature deliberation, we are satisfied that the rule laid down in these cases requires some modification, so that, while carrying out the true purposes of the legislature, oppression and injury to parties litigant, shall not be the consequence.

Maintaining that an affidavit of merits must go, not to the damages claimed, but to the action in whole or in part, the consequence must be, that the defendant must be very particular in stating what part of the damages.   We do not now see why this burden should be imposed upon a defendant, and that too, by construction of a statute not designed for his benefit.   Should either party be required thus to particularize, it would seem rather the duty of the plaintiff, who is not required to make affidavit of the justice of his claims, nor to his cause of action. In this view, it would seem more appropriate that the plaintiff should be required to limit, in his declaration, the extent of his claim, so that a note being the sole cause of action, he shall not be permitted to add to the special count upon it, any one or more of the common counts.

If it be not in the power of this court thus to limit a plaintiff, we must then hold, in every case, where a note is the cause of action, and the declaration, besides the special counts contains one or more common counts, that the affidavit of merits may be general and go only to a part of the damages claimed.   If in such case, the plaintiff shall *nol. pros.* his common counts, and the defendant shall then refuse to swear that he has a meritorious defense, he being entitled to another affidavit, as to an amended declaration, the plaintiff shall be entitled to judgment.

We are inclined to the opinion, that the affidavit of merits required by the statute, should not be intended to mean an affidavit more special than is required to set aside a default.   An affidavit for such purpose is sufficient if it states, he has a good defense to the action on the merits as he is advised by his counsel, without specifying the nature or extent of the defense.   A defendant may safely swear when sued for one hundred dollars, he being indebted only fifty dollars, or any sum less than the amount claimed, that he has a good defense to such an action on the merits.   If then the plaintiff shall not, on such an affidavit, specify and limit his claim, the plea must stand, and a trial be had.   If he does limit his claim to the real demand, and the defendant then refuses to make an affidavit of merits, there is no hardship in suffering judgment to pass against him, as for want of a plea.

We have considered this case in connection with the case of *Davis* v. *Chickering*, also submitted, and the view we have now presented will reverse the judgment in both cases.   In the case of Davis, the affidavit was to the merits for a part of the amount of damages claimed.

It may be remarked, in the case immediately before us, that the parties defendants, were not in a condition to be defaulted, as the service of the declaration and notice was upon one only of the defendants and that notice was defective.   The notice was that the declaration was filed in the office of the clerk of the Cook County Court, whereas it should have been in the Cook County Court of Common Pleas.

As the plea of the defendants was stricken from the file, there was no appearance by them to cure any defects of this character or want of service.   They were not in court to be defaulted, their plea being stricken out, is, as if it had never been.

The judgment in this case is reversed, and also in the case of *Davis* v. *Chickering*.

*Judgment reversed.*