62  585
67  166

## Charles Perkins, Receiver, etc., v. Leon Klein.

1. AFFIRMANCE—*Of Judgment—When it Takes Effect.*—In a suit upon an appeal bond conditioned that, if the principal obligor, in case of the affirmance of the judgment appealed from, surrendered himself to the custody of the sheriff or paid to the obligee a certain sum of money

found to be in his possession, and by such judgment required to be paid with interest, etc., within ten days after such affirmance, then the obligation should be void, otherwise in force, etc.; the fact that a petition for rehearing is filed and a stay of proceedings ordered does not alter the condition of the bond and is no defense to the suit. The judgment mentioned in the bond was affirmed when the order of affirmance was filed, not when the petition for rehearing was denied.

2. PRACTICE—*Suit on Appeal Bond—Filing Order of Affirmance.*— The filing of a certified copy of the order of affirmance is not necessary to the maintenance of a suit on appeal bond.

Debt, on appeal bond. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed February 11, 1896.

### STATEMENT OF THE CASE.

Appellee is the surety on an appeal bond, given by one Jacob Berkson, in an appeal from this court to the Supreme Court. Originally an order of commitment and warrant issued out of the Circuit Court of Cook County against Berkson for contempt of court. Upon this warrant Berkson was confined in the county jail by the sheriff of Cook county.

A writ of error was sued out of this court, which was made a supersedeas, and upon this Berkson was released from custody.

On March 18, 1893, this court affirmed the finding of the Circuit Court.

An appeal was thereupon taken to the Supreme Court and the appellee (defendant) became Berkson's surety. The appeal bond recited the various orders and findings of the Circuit and Appellate Courts, and then provided as follows:

"If the said Jacob Berkson shall duly prosecute his appeal to effect, or, in case such order or judgment shall be affirmed, will surrender himself to the custody of the sheriff of Cook county, or pay to the said receiver the sum of seventy-five hundred dollars ($7,500) in said order found to be in the possession and under the control of said Berkson, and by him required to be paid, together with the interest thereon at the rate of five per cent per annum, from December 12,

1891, within ten days after such affirmance, then this obligation to be void; otherwise to remain in full force and virtue."

On October 29, 1894, the Supreme Court filed its opinion, and an order was entered on the records of that court, affirming the judgment of this court.

A petition for rehearing having been first duly filed in the Supreme Court in apt time, a stay order was thereon granted by Justice Bailey, on December 5, 1894.

The present suit was commenced by præcipe, filed November 15, 1894.

Summons was served on the defendant, Klein, November 21, 1894, returnable to December term, 1894, of the Superior Court of Cook County.

Declaration was filed November 23, 1894.

A plea in abatement, alleging the non-joinder of Berkson as defendant, was filed December 5, 1894.

On December 6th, a motion was made to stay proceedings in this suit.   The motion was granted.

On March 21, 1895, the Supreme Court denied the motion for rehearing, and issued its procedendo to this court.   On the following day, March 22, 1895, the order of affirmance of this court, based upon the judgment of affirmance of the Supreme Court, was filed (by Berkson) in the Circuit Court, the court to which the writ of error had originally issued, and Berkson surrendered himself, in open court, to the custody of the sheriff of Cook county.

On March 30, 1895, defendant filed his plea *puis darrein continuance*, setting out by way of inducement the filing of the order of affirmance in the office of the clerk of the Circuit Court, on March 22, 1895; that that was the court from which the cause was originally removed, and that no order of affirmance had been previously filed, and pleading, as a discharge of his obligation upon said bond and as a complete bar to this action, the surrender of Berkson to the sheriff on March 22, 1895.

A general and special demurrer to this plea was overruled June 14, 1895, by the Superior Court.   From judgment thereon this appeal is prosecuted.

The plea is: "And now at this 30th day of March, A. D. 1895, that is to say, on the twenty-sixth day after the first day in this same term, until which day and term the plea and cause aforesaid was last continued, came as well the said Charles G. Perkins, receiver, etc., as the said Leon Klein, by their respective attorneys aforesaid; and the said Leon Klein says that the said Charles G. Perkins, receiver, etc., ought not further to have or maintain his aforesaid action against him, because he says that after the last continuance of this cause, that is to say, after the last day of the February term, A. D. 1895, of this court, and after the last pleading herein, that is to say, after the 7th day of December, A. D. 1894, on which said plaintiff pleaded his said replication herein, and before this day and within eight days now last past, to wit, on the 22d day of March, A. D. 1895, there was filed in the office of the clerk of the Circuit Court of Cook County, in which court said decree and order of commitment set out in said declaration was rendered, a certified copy of the order of affirmance of said Appellate Court of Illinois in and for the first district, affirming the said judgment and order of commitment in said declaration mentioned; that said Appellate Court is the same court by which said writ of error and supersedeas in said declaration mentioned were issued; that said order of affirmance by said Appellate Court was issued by said Appellate Court upon the certain judgment and order of affirmance made and entered by the Supreme Court of Illinois, to wit, in the northern grand division, to wit, sitting at Ottawa, Illinois, in the March term thereof, A. D. 1895, on the 21st day of March, A. D. 1895, and the procedendo issued by the said Supreme Court thereon, on the said 21st day of March, A. D. 1895, one of the days of said March term of said Supreme Court, in the certain appeal from the judgment and order of affirmance of said Appellate Court in said declaration mentioned, and on which said appeal, the bond mentioned in the declaration was given; and that said Circuit Court of Cook County, Illinois, in which said order of affirmance of said Appellate Court for the First District of Illinois, was

filed, as herein set forth, is the same court from which said cause was originally removed; that no order of affirmance nor certified copy thereof, as hereinbefore set forth, was filed in said Circuit Court of Cook County at the time of the commencement of this cause, nor at any time thereafter, and until the same was filed, as aforesaid, on said 22d day of March, A. D. 1895; that afterward, to wit, on the same day, the 22d day of March, A. D. 1895, said Berkson, in said declaration, order and bond mentioned, in said Circuit Court of Cook County, Illinois, did in open court surrender himself to the custody of the sheriff of said Cook county, Illinois, according to the form and effect of the condition of said bond; that such surrender was within ten days after such affirmance in said bond and declaration mentioned, and that then and there said bond and obligation became void, and this the said defendant is ready to verify by the said record, and he prays that the same may be seen and inspected by the court here.

"Wherefore he prays judgment if the said Charles G. Perkins, receiver, etc., ought further to have or maintain his aforesaid action against him," etc.

The declaration to which this plea was filed, after setting forth the bond, is as follows: " And although afterward, at the October term in the year 1894, of the said Supreme Court, to wit, on the 29th day of October in the same year, at Ottawa, Illinois, by the consideration of said court, the said judgment and order of affirmance was again affirmed, and the plaintiff recovered of the said Jacob Berkson the costs of the plaintiff by him about his defense of the said appeal expended, whereof the said Jocob Berkson was convicted, nevertheless, the said Jacob Berkson has not paid to the plaintiff the amount of the said $7,500 in said writing obligatory mentioned, and the interest thereon, and the costs last aforesaid, or any part of the same, nor has the said Jacob Berkson surrendered himself to the custody of the sheriff of Cook county, as in said appeal bond provided, nor has the said Jacob Berkson paid to the plaintiff herein the sum of seventy-five hundred dollars ($7,500) in said order found to be in the possession of said Jacob Berk-

son and under his control, by him required to be paid, to-
gether with interest thereon at the rate of five per cent per
annum from December 12, 1891, as is in said appeal bond
provided; whereby an action has accrued to the plaintiff to
demand of the defendant the said sum of nine thousand dol-
lars ($9,000) above demanded."

MOSES, PAM & KENNEDY, attorneys for appellant, con-
tended that by filing the plea of *puis darrein continuance*
the defendant waived and abandoned every defense to the
action upon the bond sued upon excepting the matter set
forth in such plea. Kimball v. Huntington, 10 Wend. 677;
Raynor v. Hope, 2 Wend. 299; City of East St. Louis v.
Renshaw, 152 Ill. 491.

The filing of such plea further admits of record that the
suit was properly brought and prosecuted up to the time of
the filing of the plea, when the new defense set forth in the
plea arose. Mount v. Scholes, 120 Ill. 394; City of East St.
Louis v. Renshaw, 152 Ill. 491.

The plea is subject to the same interpretation and con-
struction as dilatory pleas, and therefore must be subjected
to strict construction, and must comply with all technical
requirements of such dilatory plea. Straight v. Hanchette,
23 Ill. App. 590; Ross v. Nesbit, 2 Gil. 252; Labret v. Pap-
pillon, 4 East 502; McGowan v. Hay, 4 J. J. Marsh. 223;
Morgan v. Dyer, 10 Johns. 162; McDouglass v. Rutherford,
30 Ala. 253.

The date of the rendition of the judgment is in no way
affected by a subsequent filing of a rehearing petition, nor
is the judgment itself thereby set aside, superseded or ren-
dered interlocutory during the pendency of the petition.
The granting of the stay order only stops the immediate
execution of the judgment, but does not supersede it.
Sholty v. McIntyre, 136 Ill. 33; Lester v. The People, 150
Ill. 427.

FELSENTHAL & D'ANCONA, and PECK, MILLER & STARR,
attorneys for appellee; JOHN S. MILLER, of counsel.

The general rules governing pleas *puis darrein continu-*

*ance* are thus laid down by Gould, Sec. 124 and 127, pages 346, 347, 5th Edition.

Sec. 124.  " Pleas of this kind may be either in abatement or in bar; and may be pleaded, even after an issue joined, either in fact or in law, if the new matter has arisen after the issue was joined, and is pleaded before the next adjournment."     Citing, Com. Dig. Abatement, I, 24; 1 Chitty, Pl. 637; 3 Black. Com. 316; 5 Peters 232; 1 Allen 214.

Sec. 126.  "A plea of this kind, in abatement, begins and concludes like a plea of the same kind when pleaded in the first instance; but when pleaded in bar, it begins with saying that the plaintiff. ought not further to maintain his action; and concludes by praying judgment if the plaintiff ought further to maintain his action.  In other respects, pleas of this kind are governed by the same rules which regulate other pleas in general."

. The form of this plea is identical with the one given by Chitty, where a release is sought to be pleaded, *puis darrein continuance*, as a plea in bar.  3 Chitty (15th Am. Ed.) 1238.

Whether a plea is in abatement or in bar, is to be determined, not from the subject-matter of the plea, but from its conclusion.  The advantage or relief sought by the plea— the prayer of the plea—determines its character.  Jenkins v. Pepoon, 2 Johns. Cas. 312; 1 Tidd's Pr. 637; Pitts' Sons Manf. Co. v. Commercial Nat. Bank, 121 Ill. 587.

Pleas in bar and pleas in abatement have, therefore, this marked distinction:   Pleas in bar are addressed to the merits of the claim, and as impairing the right of action altogether, whereas, pleas in abatement tend merely to divert, suspend, or defeat the *present. suit.*  1 Saunders' Pl. and Ev. 1, 2; Comyn's Digest, title Abatement; 1 Chitty's Pl. 441; Pitts' Sons Manf. Co. v. Commercial Nat. Bank, 121 Ill. 587.

As a general rule, the plea *puis darrein* waives all previous pleas, but not the defense thereby pleaded.  It admits the cause of action to the same extent as if no other defense had been urged than that contained in this plea. But it does not admit away that defense.  Raynor v. Dyett,

2 Wend. 300; Kimball v. Huntington, 10 Wend. 680; East St. Louis v. Renshaw, 153 Ill. 496.

It is only to that extent that it admits that the suit was properly begun and prosecuted up to that time. And the only bearing of this is on the question of costs. Mount v. Scholes, 120 Ill. 400.

The effect is merely that the case stands as if there was no other defense than that set up on this plea. East St. Louis v. Renshaw, 153 Ill. 496.

And this plea does not always even waive former pleas. Raynor v. Dyett, 2 Wend. 300.

A bond is to be construed strictly in favor of the obligee. The contracts and obligations of sureties are always to be strictly construed in favor of the sureties. Nothing can be taken by implication or argument. The strict and clear letter of the bond is the measure of their liability. Crego v. The People, 36 Ill. App. 407.

Beneficiaries under the bond will not be permitted to enlarge the liability of sureties, or to change their contract, by any sort of device. Dodgson v. Henderson, 113 Ill. 360; People v. Toomey, 132 Ill. 308.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The judgment of this court having been affirmed by the Supreme Court, more than ten days after such affirmance, suit was begun upon the bond given by appellee. When suit was so begun default on said bond had been made by appellee. The condition of the bond gave to him ten days after affirmance within which to pay the amount mentioned in said bond or surrender Berkson. Appellee did neither. Instead of this, he waited for the result of a petition for rehearing.

On December 5th, twenty days after the present suit was begun, and nearly a month after his default, he obtained from the Supreme Court a stay from its judgment. Appellee was then entitled to, and obtained, a stay of proceeding in this suit.

On March 21, 1895, the Supreme Court overruled the pe-

tition for rehearing; thereupon, Berkson having, March 22, 1895, surrendered himself, appellee filed the aforesaid plea.

This plea does not deny the allegation of the declaration that the judgment of the Appellate Court was affirmed by the Supreme Court on the 29th day of October, 1894; instead of this, departing therefrom, it sets up the filing in the Circuit Court of an order of affirmance of the judgment of that court by the Appellate Court, and that the Appellate Court issued its said order upon a judgment and order of affirmance made by the Supreme Court March 21, 1895; and that no order of affirmance nor certified copy thereof was filed in said Circuit Court until the 22d day of March, 1895; and thereafter, the surrender of Berkson.

The plea does not set up performance of the condition of the bond.    The condition is not that the obligation shall be void if Berkson surrender himself in ten days after the denial of a petition for a rehearing, or after the filing in the Circuit Court of an order affirming its judgment.    The judgment of the Appellate Court, mentioned in the bond, was affirmed October 29, 1894.    Not when the partition for rehearing was denied.    Lester v. The People, 150 Ill. 408–427.

It is urged that Berkson could not surrender himself until an order affirming the judgment of the Circuit Court had been filed in that court.    If such be the case, appellee could have procured and filed the orders within ten days after the judgment of affirmance, October 29th, as well as to file them, as he did, within ten days after the order denying the petition for rehearing.    As to surrender without such order, see Greenwaldt v. Krauss, 148 Penn. St. 517–523; Saunders v. Quiggs, 112 Penn. 546; Marks v. Drovers National Bank, 114 Penn. 490.

The filing of a certified copy of the order of affirmance was not necessary to the maintenance of an action on the bond.    City of Cairo v. Everett, 107 Ill. 75; Smith v. Stephens, 133 Ill. 83; City of East St. Louis v. Renshaw, 153 Ill. 491; Sutherland v. Phelps, 22 Ill. 29.

The judgment of the Superior Court is reversed and the cause remanded.