[No. 13616.    Department One. — December 9, 1891.]

PALMER & REY, A CORPORATION, APPELLANT, v. H.
A. BARCLAY ET AL., RESPONDENTS.

CHANGE OF PLACE OF TRIAL — AFFIDAVIT OF MERITS — FACTS CONSTITUTING
DEFENSE. — An affidavit of merits upon a motion to change the place of
trial, stating merely that the affiant had fully and fairly stated to the
attorney all the facts constituting the defense of the defendants, etc.,
instead of the facts of the case, is insufficient.

ID. — CONSTRUCTION OF CODE — AMENDMENT OF AFFIDAVIT — RELATION. —
Under section 473 of the Code of Civil Procedure, which is to be liberally
construed, with a view to promote justice, the trial court has power, in
the exercise of its discretion, to allow an insufficient affidavit of merits,
which has been filed in due time upon a motion to change the place of
trial of an action, to be amended after the time for filing the original
affidavit has expired, and the filing of the amended affidavit relates back
to the time of the filing of the original affidavit.

ID. — AMENDMENT BY CO-DEFENDANT. — An affidavit of merits may properly
be made by one of two or more co-defendants for the benefit of all; and
the fact that an amended affidavit allowed by the court was not sworn to
by the same defendant as the original will not render it an original affi-
davit, and the court may properly accept it as an amended affidavit.

APPEAL from an order of the Superior Court of the
city and county of San Francisco granting a change of
venue.

The facts are stated in the opinion.

*Gordon & Young*, for Appellant.

*Houghton, Silent & Campbell*, for Respondents.

BELCHER, C. — This action was commenced in the
superior court of the city and county of San Francisco

to recover damages alleged to have been sustained by plaintiff by reason of the negligence of defendants, as attorneys at law, while retained and employed by the plaintiff; and the appeal is from an order granting the motion of defendants to change the place of trial to the county of Los Angeles.

On the fourth day of June, 1889, the defendants filed a general demurrer to the complaint, and a notice of motion to change the place of trial, with a demand in writing that the trial be had in the county of Los Angeles, upon the ground that all of the defendants then and at the time ' of the commencement of the action resided in that county. They also, at the same time, filed an affidavit made by the defendant Barclay, in which it was stated "that he has fully and fairly stated all the facts in the above-entitled case constituting the defense of the defendant in the above-entitled action to Alexander Campbell, Esq., an attorney at law duly admitted to practice in the supreme court of the state of California, and one of the attorneys for defendants in this action, and is by his said attorney advised that he and his co-defendants have a full and complete defense to said action upon the merits."

The motion came on regularly to be heard on the twenty-third day of August, 1889, and thereupon counsel for plaintiff asked the court to deny the motion, upon the ground that no sufficient affidavit of merits had been filed. This the court refused to do, " but granted leave to the said defendants to amend their affidavit of merits, and to file, upon said motion to change the place of trial, an amended affidavit of merits." A new affidavit was then filed, and the motion granted.

In cases like this, the code provides that the action must be tried in the county in which the defendants, or some of them, reside at the time of its commencement. (Code Civ. Proc., sec. 395.) But it also provides that " if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant,

at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." (Code Civ. Proc., sec. 396.)

The appellant contends that the court erred in granting the motion, for the reason that the first affidavit was insufficient, and the second could not be considered, because, as said in *Nicholl* v. *Nicholl,* 66 Cal. 37: " To be of any avail, such affidavit and demand must be filed when the defendant appears and answers or demurs."

The affidavit filed June 4th was to the effect, only, that the affiant had fully and fairly stated to the attorney all the facts constituting the defense of the defendants, etc. This was clearly insufficient, as was held in *Nickerson* v. *California Raisin Co.*, 61 Cal. 268, and in *People* v. *Larue,* 66 Cal. 235.

The only question, then, is, Had the court a right to consider and act upon the so-called amended affidavit?

The code provides that the court may, in its discretion and upon such terms as may be just, allow an amendment to any pleading or proceeding (Code Civ. Proc., sec. 473), and that the provisions of the code, and all proceedings under it, are to be liberally construed, with a view to effect its objects and to promote justice. (Code Civ. Proc., sec. 4.)

These provisions seem to us to be broad enough to cover a proceeding like this, and to justify the action of the court below.   In *Burnham* v. *Hays*, 3 Cal. 115, it was held that, under a similar provision of the old Practice Act, the trial court had power, in the exercise of its discretion, to allow a bill of costs, and the affidavit accompanying it, to be amended after the time for filing had expired, and that the filing of the amendments related back to the time of filing the originals, of which they merely formed a part.

It is further objected that the second affidavit was not sworn to by the same defendant as the first, and hence that it should be treated as an original, and not as an amended, affidavit.   We see no force in this objection·

The affiants were jointly sued, and were both asking for a change of the place of trial. And an affidavit of merits could properly be made by one of two or more co-defendants for the benefit of all. (*Rowland* v. *Coyne*, 55 Cal. 1.)

The affidavit in question was accepted by the court below as an amended affidavit, and in this we see no error.

It follows, we think, that the order appealed from should be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.