[Civ. No. 493. Second Appellate District.—September 10, 1908.]

## LAWRENCE JENSEN, Appellant, v. FRED DORR, Respondent.

CHANGE OF PLACE OF TRIAL—SUFFICIENT SHOWING AS TO RESIDENCE.—Upon a motion to change the place of trial to the residence of the defendant moving, an affidavit that "on the day of the beginning of the proceedings," naming the date of the commencement of the action, the defendant "had his place of residence" in another county named, sufficiently avers the fact that at the time of the commencement of the action he resided in such county.

ID.—INSUFFICIENT AFFIDAVIT OF MERITS—"FACTS OF CASE" NOT STATED—"ADVICE OF COUNSEL" NOT SHOWN.—An affidavit of merits which merely states that affiant has fairly and fully stated "all the facts" to his counsel without averring that the "facts of the case" were so stated, and which merely avers that he "is advised and believes that he has a good and valid defense," without averring that he was so "advised by his counsel," is insufficient to support an order changing the place of trial.

APPEAL from an order changing the place of trial from the Superior Court of San Diego County. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Patterson Sprigg, for Appellant.

Lynn Helm, and Wilbur Bassett, for Respondent.

SHAW, J.—This is an appeal from an order granting defendant's demand for a change of place of trial.

At the time of the commencement of the action in the superior court of San Diego county, the respondent, Fred Dorr, was a resident of Los Angeles county. With his demurrer to the complaint he filed what purported to be an affidavit of merits, together with a demand in writing that a trial be had in the county wherein he resided. Whereupon, the court made an order transferring the case for trial to Los Angeles county. Plaintiff appeals from this order, the ground therefor being the insufficiency of the affidavit made by respondent, Dorr.

The statement in the affidavit that on "the 2d day of December, 1907, being the day of the beginning of these proceedings, the affiant had his place of residence in Los Angeles county," is a sufficient averment of the fact that at the time of the commencement of the action he resided in Los Angeles county.

The averment constituting the affidavit of merits is as follows: "That affiant has filed his demurrer herein and has fairly and fully stated all the facts to his counsel of record herein, and is advised and believes that he has a good and valid defense to said action and to all of it on the merits." It does not appear from the affidavit that the *"facts of the case"* were fully and fairly stated, or stated at all, to affiant's counsel. So far as disclosed by the affidavit, the facts stated to counsel might have been wholly foreign to the case, or confined to the facts constituting affiant's defense. (*People* v. *Larue,* 66 Cal. 235, [5 Pac. 157]; *Palmer* v. *Barclay,* 92 Cal. 201, [28 Pac. 226]; *Nickerson* v. *California Raisin Co.,* 61 Cal. 268.) Assuming, however, that affiant did fully and fairly state all the facts of the case to his counsel, the affidavit is, nevertheless, defective in not stating, in substance at least, that he is advised by *such counsel* that he has a good and substantial defense upon the merits. (*State Bank* v. *Gill,* 23 Hun (N. Y.), 406; 1 Ency. of Pl. & Pr. 360.) As shown by the affidavit, the advice referred to might have been obtained from a nonprofessional source. We cannot assume that, by reason of his stating the facts to his counsel, such counsel advised him that he had a meritorious defense. *Non constat* counsel, for all that appears in the averment, may have advised him there was no merit in his case, and yet, by reason of other advice, the averment be strictly true.

The order appealed from is reversed.

Allen, P. J., and Taggart, J., concurred.