[L. A. No. 6078. In Bank.—August 24, 1920.]

## ELISA S. WALLING, Respondent, v. MARY L. WILLIAMS, Appellant.

[1] AFFIDAVIT OF MERITS—GOOD DEFENSE—ADVICE OF COUNSEL—FATAL OMISSION.—An affidavit of merits which fails to specifically aver that the defendant was advised by her counsel that she had a good defense to the action on its merits is insufficient, although in an action for damages, an issue as to the amount of damages is a defense on the merits.

APPEAL from an order of the Superior Court of Los Angeles County denying an application for a change of the place of trial. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. J. Hughes, Wm. Evans, and Ernest Pagnuelo for Appellant.

H. A. Massey and Albert H. Elliot for Respondent.

WILBUR, J.—This is an appeal from an order denying defendant's application for a change of venue to the county

of her residence, in a suit to recover twenty thousand dollars damages for the abduction of plaintiff's former husband from her. The motion was denied because of the insufficiency of the defendant's affidavit of merits for the reason that it failed to show that the defendant was advised by her attorney that she had a good defense. After stating that she submitted the facts of the case to her attorney, it is averred by the affiant that "after such statement of facts she was advised that she had a good and substantial and meritorious defense to said action upon its merits and so verily believes." The affidavit failed to specifically aver that the advice she received was from her attorney. It may have been given by someone else. [1] Hence the affidavit failed in an essential particular as an affidavit of merits. (*Jensen* v. *Dorr*, 9 Cal. App. 19, [98 Pac. 45].) However, in view of the nature of this case and the fact that the amount of damages claimed is plaintiff's arbitrary estimate thereof, and that a defendant, even though guilty of the wrong complained of, never fails to put in issue the amount of damages and usually succeeds upon the trial in very substantially reducing the amount claimed, we very reluctantly reach the conclusion that the affidavit was insufficient. If the defendant intended to put in issue the amount of damages, she was justified in making an affidavit of merits. "An affidavit for such purpose is sufficient if it states he has a good defense to the action on the merits as he is advised by his counsel, without specifying the nature or extent of the defense. A defendant may safely swear when sued for one hundred dollars, he being indebted only fifty dollars, or any sum less than the amount claimed, that he has a good defense to such an action on the merits." (*Hurd* v. *Burr et al.*, 22 Ill. 29.) We cannot take judicial notice of the fact that the amount of damages claimed is greater than is likely to be allowed by a jury, or that the defendant will put in issue the amount of damages claimed. In view of the extremely technical character of the objection to the affidavit, we have no doubt that the trial court, if application had been made therefor, would have permitted an amendment of the affidavit, as it was authorized to do. (*Palmer & Rey Co.* v. *Barclay*, 92 Cal. 199, [28 Pac. 226].) But the defendant chose to stand on the affidavit presented, and in the absence of any application to the trial court for

leave to amend, that court was not called upon to exercise its discretion in favor of the defendant.

Order affirmed.

Lennon, J., Shaw, J., Angellotti, C. J., Lawlor, J., and Olney, J., concurred.