[S. F. No. 9276. In Bank.—August 6, 1921.]

# H. C. FONNER, Respondent, v. HENRY MARTENS, Appellant.

[1] DEED—ACTION TO DECLARE A MORTGAGE—PARTITION JUDGMENT—RES ADJUDICATA.—Where a husband pending a divorce proceeding made a deed to land, which was in litigation in such proceeding, to a third person, and thereafter the divorced wife, on the strength of the judgment allotting her a half-interest in the land, brought a partition suit against her former husband, his grantee and a purchaser under an execution sale, the judgment in the partition suit in favor of the grantee was a conclusive adjudication that the deed was an absolute conveyance, and was *res adjudicata* in a subsequent action by the husband against the grantee to have the deed declared a mortgage.

[2] FRAUD—HUSBAND AND WIFE—DISCLAIMER—ESTOPPEL.—Where a husband pending a divorce proceeding made a conveyance of land to a third person for the purpose of defrauding his wife, and in an action for partition brought by her against him and his grantee after the procuring of the decree of divorce he, by his verified answer and testimony as a witness, disclaimed any interest in the land and declared that such grantee was the owner, and the grantee obtained judgment, he became estopped from thereafter claiming as against the grantee that the deed was intended as a mortgage.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Reversed.

The facts are stated in the opinion of the court.

E. M. Rea and A. A. Caldwell for Appellant:

Owen D. Richardson and Monroe Thomas for Respondent.

SLOANE, J.—The plaintiff brought this action to have his conveyance to defendant of certain real property by

deed, absolute in form, declared a mortgage and to quiet his title thereto.

The trial court found upon sufficient evidence, if it was admissible, that the deed was given to secure advances of money made and to be made by defendant for the plaintiff, subject to certain payments due for money advanced on the mortgage security.

This appeal from the judgment turns upon the question of various matters operating by way of estoppel against the respondent and *res adjudicata,* to bar the relief granted.

The record presents a complicated story, but we think the case must be decided upon certain considerations presented by the findings and which are alleged to be inconsistent with the judgment.

At the time this deed in dispute was executed the land in question was in litigation between the plaintiff Fonner, who then owned it, and his wife. The wife had sued him for divorce on the ground of extreme cruelty and for an allotment of the property to her as community property. Pending this controversy, and after *lis pendens* was filed in the divorce proceedings, plaintiff here, who will be hereafter referred to as respondent, executed the deed in controversy to Martens, the appellant. Subsequently, one Gopcevic obtained judgment against respondent for $563.73 and levied upon and sold respondent's interest in this land at sheriff's sale. Gopcevic became the purchaser and received a sheriff's certificate of sale.

After the deed from respondent to appellant and the levy and sale under the Gopcevic judgment, Mrs. Fonner obtained judgment in her divorce suit and on the strength of the judgment, alloting her a half interest in the land, commenced an action in partition to which respondent, appellant, and Gopcevic were made parties defendant.

The rights of each of the parties were put in issue in this action, and the court by its decree determined the title to be vested entirely in Martens and Gopcevic to the exclusion of both respondent and his wife.

Appellant, in his answer in this case, pleaded this judgment as *res adjudicata* in his favor upon the status of this title.

The bill of exceptions on this appeal does not include the judgment-roll in the partition suit, but it recites that it was

introduced in evidence on the trial, and we are, therefore, bound to assume that the showing made thereunder supports the findings of the trial court. (*Western California Land Co.* v. *Welch,* 41 Cal. App. 435, [183 Pac. 169].)

The findings pertinent to the partition judgment are substantially as follows:

That on the thirtieth day of December, A. D. 1908, Susie L. Fonner filed that certain action for the partition of said property entitled in the superior court of the state of California, in and for the county of Santa Clara, Susie L. Fonner, Plaintiff, *v.* M. C. Fonner, Henry Martens, John Doe, and Richard Roe, Defendants, said action being numbered 17,917 of the files of the office of the clerk of the above-entitled court; that in and by the complaint filed by said Susie L. Fonner it was alleged that the real property referred to in plaintiff's complaint herein was owned by said Susie L. Fonner and H. C. Fonner, share and share alike, and that said deed made by H. C. Fonner to Henry Martens (the appellant) on the twentieth day of February, A. D. 1908, was executed in pursuance of a conspiracy and for the purpose of cheating and defrauding plaintiff from enjoying the use and occupation of the property referred to in plaintiff's complaint and to defeat the operation of said divorce decree entered in said divorce proceeding, and that said deed made by H. C. Fonner to Henry Martens was void and of no effect, and asking for the partition of said real property between said Susie L. Fonner and H. C. Fonner; that Mylos Gopcevic on December 4, 1909, appeared in said action by answer to the said complaint setting up his right, title, and interest to said property under sheriff's certificate of sale, and thereafter, by amendment, setting up that no redemption from said sale having been made, the sheriff's deed was executed conveying said property to defendant. That in said proceeding H. C. Fonner (the respondent), answering the complaint of said Susie L. Fonner in said action, denied that he had any right, title, or interest in and to said real property described in plaintiff's complaint, and denied that Susie L. Fonner had any right, title, or interest in said real property, and alleged in said answer that said Henry Martens was the owner in fee simple of said real property described in plaintiff's complaint, and that in the month of February, A. D. 1908, he made, executed, and delivered a

deed of the whole of said premises to the said defendant Henry Martens, by which deed he conveyed the said premises in fee simple to said defendant, Henry Martens, for and in consideration of the sum of three thousand dollars, which said sum of money was paid to him; and denied that said deed of February 20, 1908, or any deed made by him, is "wholly or otherwise fraudulent or void, or that it was made with the intention on his part to defraud the rights, or any rights, of said Susie L. Fonner in and to the real estate described in said deed or any part thereof"; and further denied that the judgment or the lien of the execution issued in the case of Gopcevic against him or the certificate of sale of said premises is subsequent to or subject to the rights, or any rights or interest, of said Susie L. Fonner in said real estate or any part thereof.

Said defendant Martens filed his answer to said complaint and denied that the said Susie L. Fonner and H. C. Fonner were the owners of or had any right, title, or interest whatever in said premises; denied any conspiracy for the purpose of defeating the rights of Susie L. Fonner in said property, and alleged that in the month of February, 1908, H. C. Fonner executed and delivered to him, Henry Martens, a deed whereby said H. C. Fonner conveyed to him the whole of the premises mentioned and described in said complaint for and in consideration of the sum of three thousand dollars, which said sum was paid to H. C. Fonner by said defendant.

It is further found by the trial court here that said partition case was thereafter brought to trial and upon said trial Henry Martens testified under oath in the presence of the plaintiff herein, H. C. Fonner, that he, Henry Martens, had purchased the property described in the complaint for the sum of three thousand dollars on the twentieth day of February, 1908; that he had received a deed to the property from H. C. Fonner; that said plaintiff, H. C. Fonner, was a witness and testified at the said trial and made no denial of the said testimony of the defendant Martens, and that thereafter judgment was rendered in said suit, and by said judgment it was declared that Henry Martens and one Mylos Gopcevic were the owners of said real property described in plaintiff's complaint in that action, which was the same property described in paragraph 1 of plaintiff's com-

plaint herein, and that the said Susie L. Fonner had no
right, title, or interest in and to said real property, or any
part thereof; that the judgment of the court in said action
was made awarding the said property to the said Mylos
Gopcevic and Henry Martens and declaring that Susie L.
Fonner had no right, title, or interest therein, and was based
entirely on the answer of the defendant herein in that action,
and upon the answer of the said Henry Martens in that
action, and on the answer of said Mylos Gopcevic in said
action, and upon the testimony of Henry Martens and the tes-
timony of Mylos Gopcevic; that said judgment is still in
full force and effect and never has been appealed from and
the time has now passed when an appeal could be taken
therefrom.

Upon what theory it was found that Mrs. Fonner had no
interest in the property, in view of the evidence appearing
in the record that notice of pendency of the action against
her husband in which she was awarded a one-half interest
therein was on file and of record prior to the transactions
by which appellant and Gopcevic acquired their interests,
does not appear. The findings of the court make no refer-
ence to the *lis pendens.* However, that is a matter which
does not immediately concern this action. No appeal was
taken by either of the parties and the judgment in the par-
tition suit became final. It decreed title to this property,
and the whole of it, in appellant and Gopcevic. This was
done in pursuance of respondent's verified answer disclaim-
ing any interest in the premises and affirming the validity
and good faith of his transfer of an absolute title to appel-
lant, and upon a trial which not only afforded to respondent
every opportunity, but which called upon him in the exercise
of good faith, both to his divorced wife and the court, to
proclaim his interest, if he had not parted with his title. The
validity and effect of this very deed was one of the main
issues before the court.

The rights of all the parties in this title were directly in
issue in that action (Code Civ. Proc., sec. 759), and the
judgment is conclusive and binding upon all the parties to
the suit who had at the time any interest in the premises.
(Code Civ. Proc., sec. 766; *De Uprey* v. *De Uprey,* 27 Cal.
329, [87 Am. Dec. 81]; *Bartlett* v. *Mackey,* 130 Cal. 182,
[62 Pac. 482]; *Adams* v. *Hopkins,* 144 Cal. 29, [77 Pac.
712]; *Kuns* v. *Dias,* 32 Cal. App. 651, 658, [163 Pac. 1052].)

[1]   We see no escape from the conclusion that the partition judgment is *res adjudicata* as to the nature and effect of the deed in controversy here, in determining it to have been an absolute conveyance of respondent's title, unless it is shown that appellant was in some way estopped from taking advantage of it on the present trial.

It is well settled that the mere fact that the judgment was procured by misrepresentations and false testimony in matters intrinsic to the action cannot afford the respondent any relief, even if he had not himself been a party to the fraud (*Pico* v. *Cohn*, 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Fealey* v. *Fealey*, 104 Cal. 354, [43 Am. St. Rep. 111, 38 Pac. 49]; *Sohler* v. *Sohler*, 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282]; *Hanley* v. *Hanley*, 114 Cal. 690, [46 Pac. 736]), and a judgment which the parties themselves have obtained by fraudulent collusion is not open to attack by either party.

It is said in *Bancroft* v. *Bancroft*, 178 Cal. 359, [L. R. A. 1918F, 1029, 173 Pac. 579], that: "Courts of equity will not interfere to relieve a party to an action from a judgment which has been procured through a collusive agreement between the parties to the effect that either of said parties shall commence the action and obtain by the connivance or consent of the other a judgment to which he would not otherwise be entitled."

[2]   Much less can a party who has disclaimed any rights in the premises and pleaded by his answer the very facts upon which the judgment is based, and has done this for the purpose of defrauding another party to the action, as the findings show was the situation here, be permitted to stultify the action of the courts and by declaring his iniquity avoid the judgment obtained through his own connivance.

It is claimed by respondent, and so found by the court on the trial of this action, that respondent was induced to disclaim his own interest and concede the title of appellant in the partition action by persuasion, misrepresentation, and undue influence of the appellant.

We discover no evidence in the record to support such a finding. The relations of the parties were not confidential; they were dealing at arm's-length. It is true that respondent trusted the appellant, but not to a degree or under circumstances to bring their dealings within the rule of confidential

relations.   If he falsely disclaimed any title to this property, it was for the purpose of defeating his wife's claim and protecting his own secret interest.   There is no doubt, if we accept the findings of the trial court, that there was not only connivance between these two throughout the entire transaction to enable respondent to avoid the claim of his wife to a half interest in this land, but that respondent was at all times an active and responsible mover in the matter, and, as he supposed, was to benefit by it.

If the appellant was playing a double purpose, that of saving the property from the demands of respondent's wife, only that he might acquire it for himself, it in nowise relieves respondent from the *onus* of his share in the deceit.

But we may not lose sight of the fact that the decree in the partition suit closes the door upon the alleged fraud of appellant as having induced respondent to vest absolute title in him to this land, on the representation that it would be treated as a mortgage, unless some extrinsic fraud on the part of appellant estops him from taking advantage of such judgment.

The judgment did not, as suggested by counsel for respondent, purport to merge an interest created as a mortgage into a title in fee, but it was a conclusive adjudication, made at the instance of respondent himself, that the instrument in question never was a mortgage, but was from the time of its execution an absolute conveyance.  And it is such an adjudication as the courts can only annul or avoid on a showing of some extrinsic or collateral fraud or mistake in its procurement.

When counsel argue that to permit appellant to use this judgment for the purpose of defrauding respondent is a use that equity will not permit, they are begging the question. Precisely what the partition judgment determined was that it was not a fraud to treat this instrument as an absolute deed and not a mortgage, since it was intended between the parties as a deed.

If the partition judgment in Martens' favor had been procured in furtherance of an honest purpose, then under the representations of appellant that he would continue to hold the title subject to a previous agreement that it should have the effect of a mortgage, the title thus established by such judgment might properly be declared a trust in favor of re-

spondent. But his connivance in obtaining the judgment for a fraudulent purpose estops him from such relief.

It is in this respect that this judgment is distinguishable from that in the case of *Bradley Co.* v. *Bradley,* 165 Cal. 237, [131 Pac. 750], cited by respondent.

In that case the grantor had conveyed title to land by grant deed to enable the grantee to effect a loan thereon in plaintiff's favor. In order to make the land satisfactory security a decree was obtained in the name of the grantee under the McEnerney Act (Stats. 1906, [Ex. Sess.], p. 78) confirming title in the grantee. This was done in good faith between the parties and with the understanding that the title thus established in fee in the grantee was still to be held in trust for the grantor. In sustaining the rights of the grantor as against such decree this court said: "And, finally, upon this subject it may be added that relief is not here sought against a judgment fraudulently obtained. The relief is sought against the fraudulent use of a judgment obtained through understanding between the parties and in furtherance of a trust relationship which existed between them. That such relief may be secured against the fraudulent use of a judgment not fraudulently obtained is well recognized in equity."

The respondent here cannot be permitted to create a trust in his favor out of a transaction thus tainted with his own fraud and deceit.

There has been much in the relations of the parties since the partition judgment to indicate that appellant had, as is claimed, and found by the trial court, given respondent assurances that this property would be restored to him on the repayment of moneys advanced by appellant on account of the land. Considerable sums of money have been advanced to respondent by appellant, without security, unless it was understood that respondent retained an interest in the property. The Gopcevic mortgage title was conveyed to appellant in consideration of money advanced to Gopcevic by appellant, and charged to respondent's account. Respondent has at all times remained in possession of the premises and claimed title thereto.

It cannot be said, however, under the pleadings in this case, in view of the final adjudication of title in appellant in the partition matter, that any of the subsequent transac-

tions or oral promises are such as to reinvest respondent with a title which he can assert or quiet in this form of proceeding.

As to what extent they might serve as a defense to an action by appellant to recover money advanced, or for possession of the premises, or in an action for affirmative relief upon pleadings based upon adverse possession, we express no opinion.

We have not discussed the relation of the Gopcevic execution sale to this title for the reason that it is, in view of our holding as to the effect of the partition judgment, immaterial. If it could be held that respondent's deed to appellant was a mortgage, it would then be necessary to determine whether appellant had obtained an independent title through the sheriff's deed and the conveyance of Gopcevic.

As held by the district court of appeal, from which this case comes to us on rehearing, we might have denied respondent relief under the well-established rule that one must come into a court of equity with clean hands; but if it were properly established here that appellant was attempting to hold this property under a deed executed to him as a mortgage, and that it was procured by fraudulent connivance with the respondent to defeat the claim of respondent's divorced wife, we should hesitate, in view of such double fraud by the appellant, to permit, as between the two offenders, the appellant to remain the beneficiary of the fraud.

As we view the facts and law of the case, we think respondent is barred in this action by the former judgment in the partition suit.

The judgment is reversed.

Lennon, J., Shaw, J., Lawlor, J., and Shurtleff, J., concurred.