[Civ. No. 5724. First Appellate District, Division One.—February 26, 1927.]

EMILE ROBERTS, Respondent, v. ELMORE W. ROBERTS, Appellant.

[1] PLACE OF TRIAL — AFFIDAVIT OF MERITS—STATEMENT OF CASE—INSUFFICIENCY OF.—A statement in an affidavit of merits, used upon a motion for change of trial, that defendant "fully stated all of the facts relating to said demand in this action to his counsel herein," was not equivalent to a statement of "the case" or of "the facts of the case," and the affidavit in this particular was insufficient.

[2] ID.—AVERMENT OF FACTS — MERITORIOUS DEFENSE—CONSIDERATION BY COURT — SUFFICIENCY OF AFFIDAVIT. — An affidavit of merits which avers the facts of the case and leaves the question of whether or not the defendant has a meritorious defense based thereon to the consideration of the court, is sufficient.

[3] ID. — ADVICE OF COUNSEL — AFFIDAVITS.—A further statement in such affidavit of merits that "after fully stating said facts to his said attorney he is advised that he has a good and meritorious defense to said action" was insufficient.

[4] ID. — STATEMENT OF FACTS — REFERENCE IN AFFIDAVIT TO PRIOR JUDGMENT — SUFFICIENCY OF — JUDICIAL NOTICE—FINDINGS—PRESUMPTIONS. — In an action to recover a written contract for the payment of money, a reference in the affidavit of merits to a judgment in another action between the parties by which it is

---

1. See 25 Cal. Jur., Venue, secs. 33, 34.

claimed that the provisions of the contract which are sought to be enforced in the instant action were adjudged to be void, was sufficient to warrant the trial court in taking judicial notice of such judgment; and on this appeal from an order denying defendant's motion for change of venue, it must be presumed that the implied finding as to the effect of such judgment, which was adverse to the allegations of the affidavit, was sustained by the terms of the judgment.

(1) 40 **Cyc.**, p. 158, n. 91.     (2) 40 **Cyc.**, p. 158, n. 90.     (3) 40 **Cyc.**, p. 159, n. 92.     (4) 4 **C. J.**, p. 778, n. 75; 23 **C. J.**, p. 114, n. 46.

APPEAL from an order of the Superior Court of Alameda County denying motion for change of place of trial. John J. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

James Donovan for Appellant.

John L. McVey for Respondent.

CASHIN, J.—An action was commenced in the superior court of Alameda County to recover on a written contract for the payment of money. The defendant, who is the appellant here, filed with his demurrer to the complaint a demand and motion for a change of venue to Los Angeles County, where, according to his affidavit of merits, he resides. The motion was denied, and the appeal was taken from the order.

[1] It is alleged in the affidavit mentioned that defendant "fully stated all of the facts relating to said demand in this action to his counsel herein." We are of the opinion that a statement "of all the facts relating to said demand" was not equivalent to a statement of "the case" or of "the facts of the case," and the affidavit in this particular was insufficient to meet the requirements of the rule established by the following cases: *Nickerson* v. *California Raisin Co.*, 61 Cal. 268; *People* v. *Larue*, 66 Cal. 235 [5 Pac. 157]; *Palmer* v. *Barclay*, 92 Cal. 199 [28 Pac. 226]; *Westover* v. *Bridgford*, 25 Cal. App. 548 [144 Pac. 313]; *Hanna* v. *Deroch*, 52 Cal. App. 389 [198 Pac. 1006].

Appellant contends that the rule stated in the cases cited has been changed by the decision in *Hughes* v. *Elliott*, 167

Cal. 494 [140 Pac. 17]. We do not think that such was the effect of the decision, as the affidavit there in question, in addition to the averment that affiant had stated "all the facts and grounds of defense to the complaint and cause of action," contained a verified declaration of facts amounting to a complete answer to the unverified complaint. [2] As held in *Westover* v. *Bridgford, supra,* an affidavit of merits which avers the facts of the case and leaves the question of whether or not the defendant has a meritorious defense based thereon to the consideration of the court is sufficient.

[3] In the instant case defendant's affidavit further avers that "after fully stating said facts to his said attorney he is advised that he has a good and meritorious defense to said action."

As held in *Walling* v. *Williams*, 183 Cal. 600 [192 Pac. 34], and *Jensen* v. *Dorr*, 9 Cal. App. 19 [98 Pac. 45], this averment also was insufficient. In the latter case it was said: "Assuming, however, affiant did fully and fairly state all the facts to his counsel the affidavit is nevertheless defective in not stating in substance at least that he is advised by such counsel that he has a good and substantial defense on the merits. As shown by the affidavit, the advice referred to might have been obtained from a nonprofessional source. We cannot assume that by reason of his stating the facts to his counsel such counsel advised him that he had a meritorious defense. *Non constat* counsel for all that appears in the averment may have advised him that there was no merit in his case, and yet by reason of other advice the averment be strictly true."

Appellant further contends that, notwithstanding these defects, his affidavit sets forth facts from which it appears that he has a meritorious defense to the action.

[4] The affidavit avers that by a judgment of the superior court of Alameda County, in an action between the same parties numbered 83587, as shown by the register of actions in that court, the provisions of the contract which are sought to be enforced in the instant case were adjudged to be void, and that the judgment was not appealed from and has become final. The record does not contain a copy of the judgment nor was the latter made a part of the affidavit except by reference. Such reference, however, was sufficient to warrant the trial court in taking judicial notice thereof (*Sewell* v. *Johnson*, 165 Cal. 762 [Ann. Cas. 1915B,

645, 134 Pac. 704]); and we must presume that the implied finding as to its effect, which was adverse to the allegations of the affidavit, was sustained by the terms of the judgment (*Estate of Young*, 149 Cal. 173 [85 Pac. 145]; *Fonner* v. *Martens*, 186 Cal. 623, 625 [200 Pac. 405]; *Western California Land Co.* v. *Welch*, 41 Cal. App. 435 [183 Pac. 169]).

The order appealed from is affirmed.

Tyler, P. J., and Knight, J., concurred.