## UNITED STATES v. SOUTHERN PAC. R. CO. et al.

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

No. 484.

**1. Courts ⬦405(14)—Jurisdiction of Circuit Court of Appeals was not defeated by subsequent stipulation of parties as to printing of record.**

Jurisdiction of Circuit Court of Appeals was not taken away or defeated by subsequent stipulation of parties as to printing of the record, there being no motion to dismiss because of such stipulation, and no reference thereto in either brief or opinion of court.

**2. Appeal and error ⬦436—Circuit Court of Appeals, by appeal from its decision and expiration of term of court, was completely ousted of jurisdiction.**

Where, after decision on appeal by Circuit Court of Appeals, there was an appeal to Supreme Court, where decree was affirmed in part, and case remanded to lower court, the Circuit Court of Appeals was thereby, and by expiration of term of court, completely ousted of jurisdiction, with no authority to make further orders in premises.

Appeal from the Circuit Court of the United States for the Southern District of California.

Action by the United States against the Southern Pacific Railroad Company and others. From the decree, plaintiff appeals. On motion to dismiss appeal. Motion denied.

John Lapique, of Los Angeles, Cal., in pro. per.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. On August 5, 1898, a final decree was entered in the above cause in the Circuit Court of the United States for the Ninth Circuit, Southern District of California. The thirty-second paragraph of the decree reads as follows:

"That Miguel Leonis, lately deceased, was a bona fide purchaser from and under defendant the Southern Pacific Railroad Company of the following described lands, within the meaning of section 4 of said Act of Congress of March 3, 1887, and within the meaning of said Act of Congress of March 2, 1896, said land having been erroneously patented by the United States to said Southern Pacific Railroad Company, and said Miguel Leonis having purchased said land from and under said company, in good faith; the title of said Miguel Leonis, and of his heirs, executors and assigns to said lands is hereby confirmed."

Then follows a description of the lands, title to which was so confirmed. On September 30, 1898, the United States appealed from that decree to this court, and on December 2, 1898, a stipulation as to the printing of the record was filed here. Paragraph 33 of the stipulation provides:

"The United States does not question that part of the decree of the Circuit Court confirming the title to certain lands in the following named defendants; * * * and the parts of said decree from which the United States does not appeal are items or subdivisions 27, 31, 32, 33, and so much of 20 as is contained upon the last two lines of said item or subdivision."

There was no motion to dismiss the appeal in this court because of the stipulation and no reference was made to the stipulation in either the brief of the appellees or in the opinion of the court. The decree was here affirmed October 9, 1899 (United States v. Southern Pac. R. Co., 98 F. 45); and a further appeal was then taken to the Supreme Court of the United States. The decree was there again affirmed except as to certain lands standing in the name of one Graves. As to the latter the decree was reversed and the cause was remanded to the Circuit Court for the Southern District of California for further proceedings in conformity with the opinion. United States v. Southern Pacific R. Co., 184 U. S. 49, 61, 22 S. Ct. 285, 46 L. Ed. 425.

[1] Now after the lapse of nearly 30 years, the successor in interest of Leonis has interposed a motion to dismiss the appeal taken September 30, 1898. This court acquired jurisdiction by that appeal and the jurisdiction was not taken away or defeated by the subsequent stipulation of the parties as to the printing of the record. If its attention had been called to the stipulation, this court might doubtless have treated it either as a waiver of the appeal or as a waiver of error and might have dismissed the appeal or affirmed

the decree. The result would have been the same in either case. The latter course was pursued and the court clearly acted within its jurisdiction in so doing.

When the decree was affirmed in part by the Supreme Court the case was remanded to the court below, not to this court.

[2] By the appeal and by the expiration of the term of court this court has been completely ousted of jurisdiction and can make no further orders in the premises. Our want of jurisdiction would seem apparent, but we have deemed it proper to file this memorandum in view of the repeated efforts that have been made to invoke our jurisdiction in one form or another.

The motion to dismiss is denied for want of jurisdiction.