[Civ. No. 10453. Second Appellate District, Division One.—January 3, 1936.]

C. O. NORDIN, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Appellant.

Horton & Horton, Joseph K. Horton, and Holbrook, Taylor, Tarr & Horton for Respondent.

ROTH, J., *pro tem.*—On November 8, 1927, respondent as plaintiff filed action against Eagle Rock State Bank, hereinafter referred to as "bank", predicated upon the refusal of the bank to account to respondent for $7,000, which it was alleged was due from bank to respondent. The action proceeded to trial, and judgment was entered against respondent. An appeal was taken therefrom, whereupon the judgment was reversed, and the lower court directed to enter judgment for respondent. (*Nordin* v. *Eagle Rock State Bank,* 139 Cal. App. 584 [34 Pac. (2d) 490].) During the pendency of said action by respondent against bank, said bank sold by mesne transfers its business and assets to appellant, as a consequence of which appellant accepted and assumed all deposit liabilities and all other liabilities of bank, a written agreement of sale and transfer and assumption evidencing such arrangement. When the judgment of the trial court was reversed and judgment entered in favor of respondent, respondent filed an amended and supplemental complaint against appellant, alleging the entry of judgment in his favor and the assumption of liability by appellant, to which appellant filed an answer. The answer denied certain allegations of the complaint, but admitted the assumption of liabilities on its part, as pleaded by respondent in his supplemental complaint, and while admitting the judgment against bank, pleaded therein, denied that bank was indebted to respondent. Upon trial of the issues raised . by the supplemental complaint and answer thereto, respondent rested upon the admissions in the pleadings. Appellant also rested. Both requested judgment, and

the trial court entered judgment for respondent upon his supplemental complaint, from which judgment this appeal is taken.

Appellant's point seems to be that " . . . the plaintiff has rested without making out a *prima facie* case, even supposing that he might have done so with the aid of the judgment. The judgment itself is not set out in the complaint, but only plaintiff's construction of that judgment". Stated in another way, appellant asserts that ''Plaintiff has sued in this action alleging that the predecessor bank became indebted for *money had and received as a deposit.* While there is no denial of the existence of a judgment in favor of plaintiff and against the Eagle Rock Bank, *it is denied* that the judgment was *for money had and received as a deposit.''*

If respondent had sued on a promissory note executed by bank, and appellant, after having assumed the liabilities of bank, were sued on said note, and appellant admitted the execution thereof and its nonpayment, as it admitted the judgment, the finality and the nonpayment thereof in the instant case, respondent would be justified in resting upon the admissions in the pleadings as a *prima facie* case made out in his behalf. Any claim that the bank was not indebted in accordance with the note would be a matter of defense. We fail to see how the situation is any different as to a judgment which is admitted. In addition to some denials, which we deem immaterial, appellant pleaded a variety of affirmative defenses, but offered no evidence either on the denials or on the affirmative defenses. Respondent was not under any obligation to introduce the judgment, because it was admitted. (Code Civ. Proc., sec. 1962, subd. 6; *Sacramento & San Joaquin Drainage Dist.* v. *Superior Court,* 196 Cal. 414 [238 Pac. 687] ; *Hibernia Savings & Loan Soc.* v. *Boyd,* 155 Cal. 193 [100 Pac. 239].) The trial court will take judicial notice of the judgment. (*Roberts* v. *Roberts,* 81 Cal. App. 499 [253 Pac. 1112] ; *City of Los Angeles* v. *Abbott,* 217 Cal. 184 [17 Pac. (2d) 993].) The unpaid judgment, together with the admission that appellant had assumed the liabilities of bank, made out a good *prima facie* case, and, in the absence of any evidence to the contrary, fully supports the judgment in favor of respondent against appellant. (Code Civ. Proc., sec. 1962, subd. 6; sec. 1963, subd. 17; sec. 1851; *Harvey* v.

*Ward,* 49 Cal. 124; *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335].)

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 23, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 27, 1936.