[Civ. No. 13050. First Dist., Div. Two. Sept. 11, 1946.]

VIVIAN H. MANN, Respondent, v. GEORGE M. MANN, Appellant.

Vincent W. Hallinan and James Martin MacInnis for Appellant.

Knight, Boland & Riordan, F. Eldred Boland, John H. Riordan, Burton L. Walsh, Oswald A. Hunt and John H. Riordan, Jr., for Respondent.

NOURSE, P. J.—Plaintiff sued upon a promissory note. The cause was tried to a jury and at the close of the trial the court directed a verdict in favor of the plaintiff.

The note in suit was executed by defendant on December 22, 1939. The complaint pleads it *in haec verba*. It calls for the payment on demand of $25,000 with interest at 6 per cent,

and, in case of suit for collection, the payment of "a reasonable attorney's fee to be fixed by the court." The defendant in his answer admitted the execution of the note and set up seven special defenses which were attacked by the plaintiff in a pretrial motion to strike and to debar defendant from presenting evidence in support of them. Payments on principal and interest were admitted which reduced the debt to $16,238.54. Judgment was entered for that amount plus attorney's fees fixed at 20 per cent of the recovery.

The facts are without material conflict. Plaintiff and defendant were married in November, 1931. Preceding the marriage they entered into a written contract settling their property rights. Defendant agreed that if plaintiff should obtain a divorce from him he would pay her the sum of $25,000 in full settlement of all claims. Plaintiff agreed to accept such sum in full satisfaction and discharge of all rights acquired by the marriage. In October, 1936, plaintiff obtained an interlocutory decree of divorce and defendant paid to her the sum of $25,000 in accordance with this agreement. In 1937 the parties were reconciled and another agreement was executed under which plaintiff was restored to her community property rights, given a joint tenancy in a home valued at $170,000, and "permitted . . . to retain the said sum of $25,000." In December, 1939, defendant executed the note in suit after plaintiff "restored" to him $19,000 in cash, the balance remaining of the original payment of $25,000. This transaction the defendant alleges was made on this basis: The plaintiff agreed to restore to defendant the sum of $19,000 "on a loan basis" "for his usage on a purported loan basis" on condition that he would execute a new note for the sum of $25,000.

In June, 1943, the plaintiff filed a complaint for divorce. The complaint in the present action was filed in December, 1944. In March, 1945, the defendant herein filed his answer and cross-complaint in which he alleged: "Thereafter, in the month of June, 1943, without cause or provocation, plaintiff Vivian H. Mann left defendant and separated herself from his person, and George M. Mann, defendant herein, was made a defendant in a second action for divorce, the same being numbered 321,467, in the Superior Court of the State of California in and for the City and County of San Francisco; in the months of June and July, 1944, and continuing up to and including the present time, testimony was taken and is currently being taken in the premises of said action for di-

vorce; from and out of the matters and things revealed by the testimony in said action, defendant George M. Mann has discovered the falsity of the representations so made by plaintiff Vivian H. Mann as aforesaid. Defendant, George M. Mann, therefore alleges that the obligation which is purportedly evidenced by the document set forth in haec verba of paragraph II of plaintiff's complaint herein was an obligation created and obtained by the fraud of said Vivian H. Mann upon him and that the instrument of December 1939 was signed by him upon his continued reliance upon said false and fraudulent representations of said Vivian H. Mann.''

Upon these allegations the defendant grounds his first defense of fraud, his second of no consideration, and his fourth of undue influence. His third defense is the statute of limitations, his fifth is incapacity of a wife to sue her husband, his sixth is estoppel of the wife to sue because of the award of alimony and counsel fees in the divorce proceeding, and his seventh is nonownership of the note because of her assignment to a bank for collection.

At the hearing of the pretrial motion to delimit the issues the court, upon stipulation of the parties, considered the first and fourth defenses, fraud and undue influence, as interrelated and dependent upon the validity of the reconciliation agreement. It was then agreed by counsel for the defendant: ''That if the validity of the reconciliation agreement was determined in that other case, the prior divorce case, . . . that would be a bar to opening that up in this case now. . . .''

With the issue thus defined the argument on the pretrial motion was directed to the question of the effect of the decree in the divorce case as determining the issue of the validity of the reconciliation agreement. Before the submission of this cause to the jury the defendant, in the presence of the jury, offered to prove by evidence discovered in the divorce case that the reconciliation agreement was procured by the fraud of plaintiff in order to restore her interest in the community property and to extract from him his promise to build her an expensive home. To the offer of proof plaintiff objected on the ground ''that the matter of alleged fraud has already been adjudicated and made an express issue in the answer and cross-complaint in the divorce case, and in the judgment of his Honor Judge Conlan in the interlocutory decree of divorce.'' To this statement counsel for defendant made no objection. Thereupon counsel for plaintiff asked that it be

stipulated that in ruling upon the motion to delimit the issues the court had before it the full record in the divorce case. No stipulation was made, but the trial judge stated: "That in offering the motions heretofore passed upon, the mover, the plaintiff, offered to the Court for consideration the complete file in the case of 'The People For the Best Interest and Protection of George Richard Mann, Vivian Joye Mann and Virginia Diana Mann upon the petition of GEORGE M. MANN and Concerning Controversies between Petitioner and Vivian Mann, wife of Petitioner, Respondent. VIVIAN MANN, Plaintiff and Cross-Defendant versus GEORGE M. MANN, Defendant and Cross-Complainant.' No. 321,467 in the Superior Court of the City and County of San Francisco, State of California. And the Court had in mind at the time of passing on the motion, the matters presented in said action, as well as the arguments presented and the citations of authority." To this statement counsel for the defendant made no objection. In his answer in the divorce action the defendant herein pleaded as a special defense that the reconciliation of 1937 was procured through the false promises of this plaintiff, that: "Said promises on plaintiff's part were not made in good faith, and said return and resumption of marital relations by plaintiff were made in order to gain a financial advantage and without intent on the part of plaintiff to continue said marital relations except so long as it might suit plaintiff's convenience so to do."

On this showing the trial court herein granted plaintiff's motion to strike the first, second and fourth defenses. They are all related and all rest on the basis of prior adjudication. These pleas are the gravamen of appellant's case and they will be treated as presenting one question. ▆ Appellant's preliminary objection to the ruling is that the interlocutory decree was not a final judgment and could not therefore create an estoppel. This requires a statement of the history of the divorce proceedings. The interlocutory decree was entered May 21, 1945, "nunc pro tunc" as of July 26, 1944. The final decree was entered July 27, 1945. No appeal was taken from either decree. The cause herein was tried to the jury and the verdict returned on August 23, 1945. The interlocutory decree was accordingly a final adjudication of the issue of fraud and undue influence at the time the ruling complained of was made insofar as those issues relate to the reconciliation of 1939 and the resultant execution of the promissory note in suit. This disposes of appellant's attack upon

the ruling, assuming that the record in the prior proceeding was properly before the court, a question which we will discuss later.

The first attack made on the judgment is that the wife had no legal right to sue her husband. This was pleaded in his answer as his fifth separate defense. Appellant relies upon the ancient common law rule that promissory notes between husband and wife were void, on the California cases of *White* v. *Warren,* 120 Cal. 322 [49 P. 129, 52 P. 723] ; *Dolliver* v. *Dolliver,* 94 Cal. 642 [30 P. 4] ; and *Williamson* v. *Williamson,* 41 Cal.App. 721 [183 P. 301], and sections 158 and 2235 of the Civil Code emphasizing the confidential relations existing between husband and wife. No one of the cases holds that in a suit upon a promissory note given by husband or wife to the other the plaintiff must allege and prove that the note was given for a valuable consideration and that the confidential relation was not abused. *Dimond* v. *Sanderson,* 103 Cal. 97 [37 P. 189] holds to the contrary. There the court said (p. 101) : ''The giving of the promissory note in question does not indicate a trust. It is an ordinary contract. Being in writing the law presumes a sufficient consideration, though it may be, in fact, wholly without consideration.'' The Dimond case was cited with approval, with other authorities, in *Donovan* v. *Security First Nat. Bank,* 67 Cal.App.2d 845, 854 [155 P.2d 856], to the point that the presumption of a consideration arising from the written instrument is not overcome by the presumption in section 2235 of the Civil Code ''unless it is shown that the relationship was used by the trustee to obtain an unfair advantage.''

But we do not understand why the point is raised at this time. On the pretrial argument to strike this special defense the trial judge stated to counsel for appellant that, before ruling on the motion to strike, it appeared to him that the point was well taken. Counsel for appellant replied, ''Yes, I think in view of the cases he cites, that the common law has probably been abrogated in that respect.'' The appellant thus concurred in a ruling which was sound and not now open to attack.

Allied to this issue is the second separate defense—that the note was based upon no consideration. It is the theory of appellant that because the parties were husband and wife there could be no consideration for the note. The answer does not contain any allegation of facts offsetting the presump-

tion of consideration from the written instrument, and, unless supported by the allegations in the other special defenses of fraud and undue influence, it is no more than the pleader's conclusion. ■ At the hearing of the motion, by stipulation of the parties, the first, second and fourth defenses were deemed to be interrelated and the ruling on one was to cover all three. On the face of the answer the allegations of the first and fourth defenses are not incorporated in the second defense. But by the agreement of the parties they were to be deemed interrelated so that the allegation of no consideration became one of a plea that the consideration failed because of the fraud and undue influence alleged in the other defenses. Hence, if error occurred in the pretrial order striking this defense it was cured by appellant's stipulation and his offer of proof to the jury disclosing that his only evidence in support of the plea was that which went to prove the charges of fraud and undue influence. And this is true notwithstanding that, in presenting the issue in his opening brief, appellant lays greater stress on the argument that, in a suit on a promissory note given by husband or wife to the other, the plaintiff must allege and prove valuable consideration and nonabuse of the confidential relationship.

Appellant's third special defense pleaded the bar of the statute of limitations. His seventh pleaded that respondent was not the holder of the note. Neither of these pleas were stricken out. The respondent went to trial to the jury and proved payments on the note by appellant up to and subsequent to the filing of the complaint. She also proved that she was the true holder and owner of the note—that it had at one time been assigned to a bank for collection but returned to her.

■ In his sixth special defense appellant pleaded:

"In the proceedings under Action No. 321,467 herein said Vivian H. Mann, in order to obtain awards of alimony pendente lite and counsel fees pendente lite, averred and represented to the court that she was without funds or property and upon said averments and representations the Honorable the Superior Court awarded said Vivian H. Mann alimony pendente lite at the rate of $1200 per month, counsel fees, pendente lite, in the further sum of $3500 and a general award of counsel fees on account of $7500, all against said defendant, George M. Mann; said alimony, pendente lite, has been paid currently by defendant George M. Mann to plaintiff Vivian

H. Mann from approximately June, 1943, up to and including the present time and each of the counsel fees above mentioned have been paid by him as well; from and out of said premises George M. Mann alleges that Vivian H. Mann is estopped to declare against him the purported indebtedness, as set forth.''

Appellant makes no special argument directed to this plea. It does not appear whether it was stricken out except that during the argument of the pretrial motion it was stated and apparently conceded that only the third and seventh defenses were to go to the jury. It is manifest however that this plea of estoppel is sham. Payments of alimony and counsel fees under the divorce decree were payments of appellant's obligations as fixed in the divorce proceeding. The obligation under the promissory note was a separate and unrelated obligation. There is no logic in a plea that because respondent was able to enforce the one obligation she was estopped from proceeding on the other.

In his preliminary attack upon the order directing a verdict the appellant asserts that the divorce proceedings were not properly before the court and that the jury should have been permitted to pass on the evidence. The divorce proceedings were brought to the judicial notice of the court by the allegations in appellant's answer reading:

''Thereafter, in the month of June, 1943, without cause or provocation, plaintiff Vivian H. Mann left defendant and separated herself from his person, and George M. Mann, defendant herein, was made a defendant in a second action for divorce, the same being numbered 321,467, in the Superior Court of the State of California in and for the City and County of San Francisco; in the months of June and July, 1944, and continuing up to and including the present time, testimony was taken and is currently being taken in the premises of said action for divorce; from and out of the matters and things revealed by the testimony in said action, defendant George M. Mann has discovered the falsity of the representations so made by plaintiff Vivian H. Mann as aforesaid. Defendant, George M. Mann, therefore alleges that the obligation which is purportedly evidenced by the document set forth in haec verba of paragraph II of plaintiff's complaint herein was an obligation created and obtained by the fraud of said Vivian H. Mann upon him and that the instrument of December 1939 was signed by him upon his continued reliance upon said false and fraudulent representations of said Vivian H. Mann.''

In *Roberts* v. *Roberts,* 81 Cal.App. 499, 501 [253 P. 1112], a similar question arose on similar facts and the court said: ''Such reference [the pleading of the former action in defendant's answer], however, was sufficient to warrant the trial court in taking judicial notice thereof (*Sewell* v. *Johnson,* 165 Cal. 762 [Ann.Cas. 1915B, 645, 134 P. 704]) ; and we must presume that the implied finding as to its effect, which was adverse to the allegations of the affidavit, was sustained by the terms of the judgment (*Estate of Young,* 149 Cal. 173 [85 P. 145] ; *Fonner* v. *Martens,* 186 Cal. 623, 625 [200 P. 405] ; *Western California Land Co.* v. *Welch,* 41 Cal.App. 435 [183 P. 169]).''

Appellant cites and relies upon *Willson* v. *Security-First National Bank,* 21 Cal.2d 705 [134 P.2d 800], where the defense of res judicata was raised by demurrer only. There is nothing in the Willson case holding that when the former proceeding is specially pleaded the court is not thereby given notice of it. The rule applicable here is found in the Roberts case. And see *Sewell* v. *Johnson,* 165 Cal. 762 [134 P. 704, Ann.Cas. 1915B 645] ; *Nordin* v. *Bank of America,* 11 Cal. 2d 98 [52 P.2d 1018].

The authorities cited should be a sufficient answer to the argument that the divorce proceedings were not properly before the court. But it may be added that, though the record was not formally offered in evidence, counsel for appellant acquiesced in the use of the record in the argument on the pretrial motion to limit the issues, and it is manifest that all parties and the court believed that the record was properly before the court. This is indicated by the remarks of counsel for respondent near the close of the argument on the motion asking that the record should show that these proceedings were before the court and had been read and examined in passing upon the motion. The trial court at the time stated that respondent had offered the complete file of the divorce proceedings and that the record had been fully considered in passing upon the motion. No objection was made by the appellant to either of the statements of court or counsel and it is fair to assume that he acquiesced in these statements as to the course of procedure. The record thus shows that the trial court and both parties treated the record of the proceedings in the divorce case as having been properly received in evidence on the hearing of the motion. When such is the state of the record in the trial court a reviewing court

will not look for technical reasons to exclude from consideration any part of the record which was before the trial court. See generally when an exhibit will be deemed to have been properly admitted, 24 Cal.Jur. 759; *Wright* v. *Roseberry*, 81 Cal. 87 [22 P. 336]; *Dodson* v. *Greuner*, 28 Cal.App.2d 418, 423 [82 P.2d 741].

▇ The argument of appellant in relation to this issue that he was denied his constitutional right of due process is not sound. Judicial notice is a form of evidence. *In re Samaha*, 130 Cal.App. 116 [19 P.2d 839]; *Gayton* v. *Pacific Fruit Express Co.*, 127 Cal.App. 50 [15 P.2d 217]. ▇ Having tendered the evidence of the former proceeding by his answer the appellant cannot complain because the issue of fact was not submitted to the jury for the determination whether the court in the divorce proceeding actually determined what there appears on the face of the record. That record presented a former adjudication that there was no fraud or undue influence behind the reconciliation agreement. Upon the showing and stipulations made at the hearing of the pretrial motion the question of the former adjudication was settled and no question of fact—either of the existence of such former judgment, or of the scope of the issues there involved—was left for a jury to determine.

▇ But appellant argues that the decree in the divorce proceedings was not final and cites from the exhibit filed herein:

"The Court expressly reserved for later determination all questions relating to property rights of the parties hereto, if any, and in this respect found and decreed that Vivian Mann, was entitled to an award equal to not less than one-half of the community property, if any, of the parties, said award to be reduced to judgment when the extent and/or existence of said community property, if any, is determined, and the Court expressly, and with the consent of the parties, reserved jurisdiction to make such a determination and award."

This reservation of jurisdiction to determine the character and value of the community property does not affect the finality of the interlocutory decree insofar as it becomes res judicata with respect to the determination adverse to this appellant that the reconciliation was not procured by the fraud or undue influence of Mrs. Mann as alleged here and in the divorce proceeding. It will be noted that the court adjudged that Mrs. Mann was entitled to a divorce and also that she

"was entitled to an award equal to not less than one-half of the community property, if any. . . ." Findings of fact having been waived we must presume here that, if findings had been made, they would have been adverse to the pleas of fraud and undue influence, otherwise Mrs. Mann would not have been entitled to a divorce.

 Appellant argues further that since the promissory note was not in issue in the divorce proceeding the court would not have jurisdiction to determine his liability in that proceeding. But the court did not do so. It impliedly found on the issues raised that the reconciliation agreement was not procured by fraud and undue influence. Here the execution of the promissory note in suit is attacked on the ground that it stemmed from the reconciliation agreement which in turn was procured by fraud and undue influence. If the reconciliation agreement was not tainted with fraud, as it was found in the divorce case, this attack on the promissory note must fall because the charges of fraud and undue influence here made are directed specifically to that agreement. It is manifest that this agreement was in issue in the divorce case. The pleading of fraud and undue influence in that case is almost identical in language to that used here. The necessity of a determination of that issue is apparent. When necessary issues are thus determined in an interlocutory decree of divorce the decree becomes a conclusive determination of those issues. (*Leupe* v. *Leupe*, 21 Cal.2d 145, 148 [130 P.2d 697], where many authorities are cited.)

 Finally appellant argues that the award of attorney's fees was error since no evidence was offered to prove their value. He cites several cases from other jurisdictions which are wholly out of harmony with the rule followed in this state. He also cites *Miller* v. *Ambassador Park Syndicate*, 121 Cal.App. 92 [9 P.2d 267] to the effect that an award of attorney's fees was improper because the complaint contained no allegations regarding such fees and "no claim was made on the trial." That case is also somewhat out of harmony with the California rule, but, even so, it has no bearing here because the complaint pleaded the note and prayed for a reasonable fee, and the "claim" was made to the court before the cause was submitted. However, the applicable rule is stated in *Baker* v. *Eilers Music Co.*, 175 Cal. 652, 654 [166 P. 1006], as follows: "Where a promissory note so provides for the payment of a reasonable attorney's fee, it is

the province of the court to fix that amount in its discretion and without the introduction of direct evidence upon the matter, and only for an abuse of discretion—which does not here appear—will the court's action be reversed. (*Woodward* v. *Brown,* 119 Cal. 283 [63 Am.St.Rep. 108, 51 P. 2, 542]; *Patten* v. *Pepper Hotel Co.,* 153 Cal. 461 [96 P. 296].)"

▮ Appellant contends that the whole proceeding is wrong because the antenuptial agreement of 1931 was contrary to good morals since it undertook to compensate Mrs. Mann if she obtained a divorce. The note in suit was executed in consideration of money loaned appellant by respondent; it was not conditioned upon a subsequent divorce; and it bore no relation to the previous agreement and separation. Hence *Pereira* v. *Pereira,* 156 Cal. 1 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880] and similar cases which denounce a contract between husband and wife having for its object the dissolution of the marriage contract are not applicable to a case of this kind. The modern and accepted rule which recognizes a mutual property settlement agreement incidental to a contemplated divorce is found in *Hill* v. *Hill,* 23 Cal.2d 82, 93 [142 P.2d 417].

▮ Furthermore the appellant has foreclosed himself from raising the question of the validity of the antenuptial agreement by the allegation in his answer that in the first divorce action the plaintiff herein insisted that she was entitled to a greater award than the proceeds of the $25,000 agreement, but that the court sustained the contract and awarded the plaintiff the sum of $25,000 "in full of all claims." The appellant has thus pleaded a final determination of the validity of the prenuptial agreement and that question is not open to further argument.

From the allegations in the answer it appears that the validity of the prenuptial agreement and of the reconciliation agreement has been finally determined adversely to the appellant. During the argument of the motion to limit the issues the court stated that since the validity of the reconciliation agreement had been determined in the prior divorce case it seemed that the only issue then before the court was whether that decree would be a bar to opening up the same issue here. To this counsel for appellant replied: "That is exactly the way I perceive it, your Honor." The validity of that agreement having been adjudicated and the record of the divorce proceedings having been brought to the knowledge of the court by appellant's pleadings, it necessarily follows that, the

issues of fraud and undue influence having been determined by the prior decree, there was nothing in relation to those issues left to be determined by the jury.

For the reasons stated we are satisfied that appellant was not denied any legal right of trial by the ruling complained of since he had theretofore been accorded all the due process of law to which he was entitled when the same issues were tried in the divorce proceeding.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied October 11, 1946, and the following opinion then rendered.

THE COURT.—In his petition for a rehearing counsel for appellant criticizes as incorrect and inaccurate certain statements of fact found in the opinion. Those statements were taken verbatim from counsel's statements to the trial court found in the certified transcript.

The argument first made in his petition for a rehearing that the trial court was without jurisdiction to entertain the pretrial motion to delimit the issues was not considered in the opinion because it was not made an issue in the trial court and was not raised on the appeal.

The same is true of the argument made for the first time in his petition for a rehearing that he did not consent to the hearing of the pretrial motion. His only objection was to the hearing before the full panel of the jury. The court and all counsel then agreed that a jury of 12 be first selected and all others excused before the motion was heard.

Appellant's petition for a hearing by the Supreme Court was denied November 4, 1946. Carter, J., voted for a hearing. Schauer, J., did not participate.