No. 35,567

WILLIAM R. SMITH, *Appellant*, v. JOHN L. POWER, *Appellee.*

(127 P. 2d 452)

Opinion filed July 11, 1942.

*Roy J. McMullen* and *Wm. Kandt,* both of Great Bend, argued the cause for the appellant.

*John Henry Lewis,* of Great Bend, argued the cause, and *R. C. Russell* and *Isabel Obee,* both of Great Bend, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The purpose of the present action was to set aside a sheriff's deed, and grew out of a previous foreclosure action.

On December 3, 1938, William R. Smith delivered to John L. Power a mortgage covering "all of the unsold portions of the following described property in the name of said William R. Smith situated

in the environs of Hoisington, in Barton county, Kansas," to secure payment of a note. One of the tracts was described as the north half of the northeast quarter of section 5, township 18, range 13 west, in Barton county, Kansas, "except the platted portion." Thereafter an action to foreclose the mortgage was commenced by Power, service on Smith being had by publication. On March 5, 1940, a decree of foreclosure was rendered, and thereafter an order of sale was issued, notice of sale was given, a sale was had on April 8, 1940, at which Power was the purchaser, the sale was confirmed and a certificate of purchase was issued to Power, showing the period of redemption to be eighteen months. In each of the above the description of the real estate was as above mentioned.

On June 18, 1941, Smith filed his application to have the judgment opened and that he be allowed to answer, and that having been granted, he filed an answer, in substance alleging that he was the owner of a certain tract described by metes and bounds, "according to the recorded plat of William R. Smith's north addition to Hoisington, Kansas," being a part of the north half of the northeast quarter of section 5, township 18, south of range 13 west; that on December 3, 1938, he had executed a mortgage to Power, which mortgage by its terms included the north half of the northeast quarter, etc., except the platted portion thereof; that neither party intended the real estate described by metes and bounds should be included in the mortgage; and that he should be adjudged to be the owner free and clear of any encumbrance created by the mortgage. To this answer Power filed a reply charging that a fiduciary relationship existed between him and Smith, and that the mortgage was made on Smith's express promise the mortgage would cover all real estate then owned by Smith in the environs of the city of Hoisington, and that Smith furnished the description and Power relied on it and would not have made the loan if he had known there was any exception claimed by Smith, etc., and he prayed for reformation of the mortgage, etc. A trial was then had, as a result of which the court found for Power, and on June 25, 1941, it rendered judgment reforming the mortgage to include the land heretofore mentioned as being described by metes and bounds, ratifying and confirming all proceedings had, and reforming the certificate of purchase so as to include specifically the real estate described by metes and bounds. It further rendered judgment barring defendant from any right, title or interest "in and to said property foreclosed in this cause, including

the property last above described, subject to his right of redemption"; and that the redemption of eighteen months as to all of the real estate would expire on October 8, 1941. There was no redemption, and on October 11, 1941, the certificate of purchase was surrendered and the sheriff executed a deed to Power conveying the property by the description as it appeared in the mortgage, and stating, "It being understood that the above described property includes the following:" after which appears the metes and bounds description above mentioned.

On October 17, 1941, Smith filed the present action, his petition alleging the giving of the note and mortgage, the foreclosure action, the proceedings leading up to and the sale of the real estate as described in the mortgage, the confirmation of the sale and the issuance of the certificate of purchase, the opening of the judgment and the judgment of the court thereafter, and alleging that the effect of the judgment was to nullify the above-mentioned phrase "except the platted portion," which reformation did not and could not have appeared in the sheriff's notice of sale, thus excluding the public from the knowledge that all of the property described in the mortgage as reformed was to be sold and thus eliminating possibility of competitive bidding at the sale. After making allegations of the description as contained in the sheriff's deed, it was further alleged that as a result of the reformation of the mortgage, Smith was denied his right to the full eighteen months' period of redemption. His prayer was that the sheriff's deed be canceled and that the property be resold, and he be granted his full eighteen months' period of redemption. To this petition Power demurred as not stating facts sufficient to constitute a cause of action, and that demurrer being sustained, Smith appeals to this court.

Appellant states at considerable length the question involved in the appeal. Summarized, he states the trial court erred in holding the proceedings in the foreclosure action were *res judicata,* precluding the court in the instant action from setting aside the sheriff's deed and ordering a resale of the property, where it appears the notice of sale and certificate of purchase did not describe as much property as the sheriff's deed purports to convey. He proposes three questions for discussion: Does the district court have power to set aside the judgment of confirmation, when, after sheriff's deed has been issued, an irregularity appears to have existed by reason of the sheriff's failure to properly inform the public as to

the exact amount of property to be sold at the sheriff's sale? Does the confirmation of the sale become *res judicata* so as to prevent the court from later correcting an irregularity in the proceedings? Is the confirmation of irregular proceedings void?

In support of his contentions and to answer the questions stated, appellant has directed our attention to the provision of statute requiring notice of sale (G. S. 1935, 60-3416) and to decisions interpreting it; to the provision of statute authorizing the court, at or after the term at which a judgment or order was made to set it aside for irregularity in obtaining the judgment or order (G. S. 1935, 60-3007, *third*); and to decisions pertaining thereto, dealing with the type of irregularities which warrant a court in refusing to confirm a sale or in setting aside a sale of property. We think it unnecessary to review in detail the various authorities cited, for none of them deal with a situation where the facts are like or even analogous to those of the instant case. It clearly appears that after the sheriff's sale was held, the present appellant, defendant in the foreclosure suit, caused the judgment to be opened and filed an answer in which he set out a description by metes and bounds of the real estate included in the phrase "except the platted portion" and specifically raised the question whether it was included in the mortgage, and alleged it was not, and prayed the court for an order definitely withholding it from the terms and conditions of the mortgage and that plaintiff, appellee here, be adjudged to have no interest in it. By reply, the appellee took issue. The court heard evidence, and made the order as heretofore mentioned. No appeal was taken from that judgment.

There is no contention the trial court did not have jurisdiction of the parties or of the subject matter of the action, nor that it was without power to render the judgment. In such case, if the losing party have any complaint, he must appeal. Many of our decisions are to that effect. (See, *e. g., Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359; *Union Central Life Ins. Co. v. Pletcher,* 144 Kan. 359, 58 P. 2d 1158.) When such a judgment has become final, it cannot be attacked collaterally (*Brotton v. Luther,* 141 Kan. 489, 41 P. 2d 1017). The judgment in the foreclosure action determining the particular lands were included in the mortgage, reforming the mortgage, ratifying and confirming all of the proceedings had and reforming the certificate of purchase, and fixing expiration of the period of redemption, was within the issue first raised by the ap-

pellant's answer. The judgment rendered was one the court was competent and authorized to render, and if there was any erroneous ruling or irregularity therein, relief must have been sought by appeal. The judgment was not void and was not open to collateral attack.

The petition filed in the present action was sufficient on its face to present the matters heretofore discussed—the question of *res judicata* was properly raised by the demurrer, and the ruling of the trial court thereon is affirmed.