No. 39,642

BERT FARMER, *Appellant,* v. VIVIAN FARMER, *Appellee.*

(281 P. 2d 1075)

Opinion filed April 9, 1955.

*Kenneth H. Foust,* and *John O. Foust,* both of Iola, were on the briefs for the appellant.

*Charles F. Forsyth,* of Erie, was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court refusing to modify child support payments as ordered in the previous decree of divorce between the parties.

The evidence leading up to the rendition of the order from which the appeal is taken will be briefly stated: Appellant (father) and appellee (mother) were first married in August, 1947. Shortly after their marriage a child was born. The parties lived together until November, 1949, when an action for divorce was filed in Allen County. On March 1, 1950, after hearing the evidence in the divorce action, the trial court determined the parentage of the child to be that of the parties to the action, and granted a divorce to the mother, giving her the custody of the child. On November 30 of the same year, the parties were remarried. A second divorce was subsequently obtained by the mother, at which time she was again awarded the custody of the child, and the appellant was ordered to pay the appellee the sum of $40 per month for the support of the minor child, the first payment to be made June 5, 1952. At the time of the second divorce, no question was raised as to the parentage of the minor child, that issue having been determined in the first divorce action in 1950. Appellant made child support payments under the mentioned court order. In the early part of 1954, appellant filed his motion in the second divorce case requesting the trial court to reduce or set aside the order for future child support, for the

reason that he was not the father of the child. All the evidence presented by appellant was predicated on the theory that he was not the natural parent of the child, and for that reason the trial court should reduce or cancel future child support payments. Timely objection to the admission of this evidence was interposed by appellee, sustained by the trial court, and appellant's motion denied.

The sole question for determination is whether the trial court erred in sustaining the objection to the proffered testimony as to the parentage of the minor child of the parties.

It is a well-established rule of this court that where a court has jurisdiction of the parties to an action and of the subject matter thereof, and renders a judgment within its competency, such judgment is final and conclusive unless corrected or modified on appeal. (*Smith v. Power,* 155 Kan. 612, 127 P. 2d 452.) It is also well settled that a right, question, or fact directly put in issue and determined by a court of competent jurisdiction cannot be re-litigated between the same parties in a subsequent action. Not only is everything adjudicated between them which the parties chose to litigate, but everything incidental thereto which properly could have been litigated. In other words, the doctrine of *res judicata* not only prevents the re-litigation of the same matters the second time, but equally applies to bar the litigation of all matters in the second suit which could have been litigated under the facts constituting the cause of action in the first suit. (*Kenoyer v. Board of Barber Examiners,* 176 Kan. 424, 271 P. 2d 267, and cases therein cited.) We have held that all matters which properly may be presented and considered in a divorce action must be presented, and if not presented the judgment is as full and complete a bar as if the matter had been fully tried and determined. (*Calkins v. Calkins,* 155 Kan. 43, 45, 122 P. 2d 750.)

Evidence as to the parentage of the minor child was presented in the original divorce proceeding in 1950. Moreover, at the trial of the second divorce proceeding, the court made an order providing for the support of the minor child, and if the appellant was dissatisfied with those decisions, his remedy was by way of appeal from the respective judgments. Inasmuch as the trial court had jurisdiction of the parties and the subject matter in those actions, and the power to render the judgment as ordered, and no appeal having been taken therefrom, the same became final and conclusive, and the question of the parentage of the minor child had been long

ago laid to rest. To allow the appellant to re-litigate the subject of the parentage of this child would only lead to limitless and annoying litigation.

The trial court did not err in refusing to admit appellant's proffered testimony.

The judgment is affirmed.