Kenneth Arnold STEELE, Plaintiff
and Respondent,

v.

Dorothy Mae STEELE, Defendant
and Appellant.

Civ. No. 8690.

Supreme Court of North Dakota.

Sept. 1, 1971.

Walter O. Burk, Williston, for plaintiff and respondent.

Ella Van Berkom, Minot, for defendant and appellant.

STRUTZ, Chief Justice, on reassignment.

The parties were divorced by judgment entered on April 2, 1968, following hearing on February 5, 1968, before the Honorable Roy A. Ilvedson, District Judge, of an action in which the above-named plaintiff was defendant and the named defendant was the plaintiff. Because the parties have shifted positions, and the plaintiff in the divorce action is the defendant in this action, and vice versa, and since it will be necessary to refer to both actions in this opinion, the parties will be referred to merely as husband and wife, to avoid confusion.

The divorce decree provided for the distribution of the property of the parties. A certified copy of the decree discloses that the wife was to have, among other things, exclusive ownership of all of the real estate, certain personal property listed therein, including a 1967 International truck subject to a lien held by the Peoples State Bank of Parshall, together with numerous items of farm machinery, and "all other personal property in possession of the plaintiff."

The decree also required the wife to pay numerous debts set forth in the decree, including a debt of approximately $500 due the American State Bank of Minot, many doctor and hospital bills, and other debts. The husband was given his automobile and his carpenter tools, and no further mention of any property given to the husband is made in the decree.

The present action was brought by the husband against the wife, the complaint setting forth five claims. The first claim asserts that under the terms of the divorce decree the wife was to pay the debt of approximately $500 which the parties owed to the American State Bank of Minot, but that she failed to do so and that the husband thereupon was compelled to pay the obligation. He seeks reimbursement for such payment.

The husband's second claim alleges that, on December 10, 1967, a 1967 International pickup, which was an item not mentioned in the divorce decree but which the husband asserts belongs to him and which he claims he has had in his possession all the time, was damaged in a collision. Insurance in the sum of $1,942 was paid for such damage, and this amount was applied on the balance of the $2,500 lien which the Peoples State Bank of Parshall held on both the 1967 International truck which was awarded to the wife in the decree and the International pickup which was in the possession of the husband. The divorce decree provided that the balance on such lien was to be paid by the wife.

The third claim asserted by the husband alleges that he made a payment in September of 1967 of $400 on a trailer house belonging to the wife, which sum the wife refuses to repay to him.

The fourth claim is for the sum of $50, plus interest, for an old Ford motor which the wife authorized the minor son of the parties to sell, in June of 1968, and which the husband asserts was his personal property.

The fifth claim of the husband asserts that, prior to the entry of judgment in the divorce action, he made a number of payments on the debts of the parties, which debts he claims should have been paid by the wife under the provisions of the divorce decree. He now seeks to recover the sums which he paid on such debts.

The trial court dismissed, with prejudice, the husband's third claim, for payment made on the trailer house, and his fifth claim, for payments alleged to have been made by him on the debts of the parties prior to the divorce decree. The court ordered judgment for the husband against the wife on the husband's first, second, and fourth claims. The wife now appeals, demanding trial de novo.

■ On appeal to this court, demanding trial de novo, the appellant cannot complain of the findings of the trial court which are against her and insist that the favorable provisions of the court's decree be affirmed without consideration. On such appeal, this court will consider all of the claims made in the complaint. We would point out that the recent session of the Legislative Assembly repealed our de novo statute. Chapter 311, 1971 S.L. The appeal in this case, however, was taken prior to the effective date of such repeal and must be decided under the de novo law.

■ Under the provisions of the former law, when demand for trial de novo is properly made, the entire case is opened for judicial review. Although this court, in finding facts anew on such trial de novo, will give appreciable weight to the findings of the trial court, that principle will not relieve the appellate court of its duty of finding the facts anew and of applying the law to those facts. Kelmis v. Cardinal Petroleum Co., 156 N.W.2d 710 (N.D.1968).

We therefore will consider the evidence on all five of the husband's claims, and not merely on those which the wife complains of on her appeal, and will make our findings as to each of such claims.

■ The husband's first claim is based upon the proposition that under the divorce decree the wife was to pay the debt of $500, plus interest, due from the parties to the American State Bank of Minot. The divorce decree specifically required the wife to pay this item. In her testimony in this case, she admits that she had not paid this debt, but attempts to justify her failure to do so or to repay the husband after he had paid the obligation on the ground that he had sold certain grain and had used the money to pay the landlord and then had retained the balance of the proceeds of such sale. The trial court found against the wife on the ground that the parties both conceded that this sale of grain was made prior to the hearing in the divorce action and the entry of judgment

therein, and that this sale was considered by the trial court in making its findings on the question of division of property.

Since the issue of the sale of this grain was before the trial court in the divorce action at the time the division of property was made by the court, we find that this issue cannot properly be raised by the wife as a defense to the husband's first claim.

Both parties in the present action have referred to an agreement of the parties relating to property settlement in the divorce suit. No such agreement is part of the record before us, and we have only the divorce decree to advise us as to what distribution of property was made by the court. That decree required the wife to pay the item of $500 due the American State Bank of Minot. The wife admits that she did not pay this item and that the husband did pay it. Therefore, he is entitled to have this money repaid to him.

■ A divorce decree is res judicata as to all facts which existed at the time the decree was entered, but not as to facts which arose after the entry of such judgment. Callan v. Callan, 5 Ill.App.2d 480, 125 N.E.2d 854 (1955); Farmer v. Farmer, 177 Kan. 657, 281 P.2d 1075 (1955).

■ A decree determining necessary issues in a divorce action becomes a conclusive determination of those issues. Mann v. Mann, 76 Cal.App.2d 32, 172 P.2d 369 (1946); Scheffers v. Scheffers, 242 Iowa 563, 47 N.W.2d 157 (1951); Stickler v. Stickler, 38 Ill.App.2d 191, 186 N.E.2d 542 (1962).

Thus the decree of divorce entered in April of 1968 is conclusive as to all matters directly in issue and determined by the court therein, and would include the money which the husband had received for sale of grain prior to the judgment. Albrecht v. Albrecht, 120 N.W.2d 165 (N.D.1963).

■ The husband's second claim is for $1,942, plus interest. It appears that the parties, before the divorce action, owned a 1967 International truck and a 1967 International pickup. These two vehicles were subject to a lien of approximately $2,500 due the Peoples State Bank of Parshall. Under the terms of the divorce decree, the wife was to receive the International truck, but no mention of the pickup is made in the decree. The husband asserts that the pickup was to be his property, and this is not disputed by the wife. However, on December 10, 1967, prior to the hearing in the divorce action, this pickup was involved in a collision. It was covered by insurance, and a claim was made on the policy for damages. The insurance was paid, and the proceeds were applied on the balance due on the lien covering both the International truck and the International pickup. The husband now asserts that since the 1967 pickup was his property, the insurance collected for its damage was his; and when it was applied on payment of a debt which the decree specifically provided was to be paid by the wife, he should be entitled to reimbursement for the amount of such insurance.

The record discloses that while the divorce decree was entered on April 2, 1968, the hearing in that action was had on February 5, 1968. The record further shows that the insurance money for damages to the pickup, which both parties seemed to agree was the husband's property, was paid on February 14, 1968, after the divorce hearing. If, at the time the trial court heard the divorce action on February 5, the pickup was to be the husband's, then any money collected for damages to the pickup should be the property of the husband. The husband permitted the wife to take judgment by default in the divorce action. At the time of the hearing, she knew of the damage to the pickup for which a claim had been made. If the insurance money was to have been applied on the lien on the International truck and the pickup, which debt the wife was specifically required to pay by the decree, such a requirement could have been mentioned in the divorce decree. The decree, however,

did not mention the insurance money, but it did specifically provide that the wife should pay the lien due the Peoples State Bank of Parshall. At the time of the divorce hearing, that lien amounted to $2,500.

We find, therefore, that the trial court's order requiring the wife to repay the amount of this insurance money which, subsequent to the hearing, was applied on the debt she was required under the decree to pay, is sustained by the evidence. As pointed out under the discussion of the husband's first claim, a decree of divorce determining necessary issues becomes conclusive of such issues. And the provision of the decree requiring the wife to pay the $2,500 due the Peoples State Bank of Parshall was final on that issue.

■ The husband's third claim is for the sum of $400 and interest which he claims to have paid in September 1967 on a trailer house belonging to the wife. The record clearly discloses that the payment was made before the hearing of the divorce action and the entry of judgment therein. The trial court found that this payment was made prior to negotiations for a property settlement and before hearing in the divorce action, and that the husband could not recover this money.

We have examined the evidence and find that the trial court's determination that this claim of the husband was merged in the divorce judgment is supported by the evidence.

■ The husband's fourth claim is for the sum of $50, with interest. It is based on the sale of the motor from an old Ford automobile which the minor son of the parties, with his mother's consent, sold and retained the money received for it. This old Ford, as we find from the evidence, was left by the husband on the premises award-

ed to the wife by the divorce decree. The motor was sold in June 1968, more than two months after the entry of the divorce decree. That decree provided, among other things, that the wife was to have "all other personal property in possession of the plaintiff."

The plaintiff in that action was the wife. We find that although the decree does not mention the old Ford automobile, it became the property of the wife under the above provision of the decree. The claim of the husband for the proceeds of the sale of the old Ford motor therefore is denied.

■ The final claim of the husband is based upon the payment of certain moneys which he made on debts of the parties prior to the entry of the divorce decree. He asserts that since the wife was required by the provisions of the decree to pay all debts of the parties, he should be permitted to recover the moneys which he had paid on such debts prior to the decree.

The trial court dismissed this claim on the ground that such payments had been made prior to the entry of the divorce decree and that such payments must have been considered by the trial court in the divorce action, and thus were merged in the decree.

For reasons previously stated, we concur and we find that any payments made by the husband prior to the hearing and the entry of judgment in the divorce action were considered by the trial court in that case and were merged in the judgment entered.

The judgment is affirmed except as to the husband's fourth claim, which is denied. No costs will be allowed to either party.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.