## WILLA INA BRONDUM v. DONALD ALVIN COX

### No. 72

### (Filed 7 March 1977)

**1. Divorce and Alimony § 1; Constitutional Law § 26— wife domiciled in Hawaii — divorce granted in Hawaii — full faith and credit**

Where plaintiff wife was domiciled in Hawaii and defendant husband had left that state with no intent to return thereto and with the intent to make his home in N. C., which he did, the State of Hawaii had jurisdiction to entertain plaintiff's divorce action and to grant her the divorce prayed for; therefore, that part of the Hawaii judgment must be given full faith and credit by the courts of N. C.

**2. Divorce and Alimony § 22— child in Hawaii — custody — jurisdiction of Hawaii court**

A Hawaii court had jurisdiction to award custody of a child present in that state to plaintiff mother.

**3. Divorce and Alimony § 1— divorce action in Hawaii — defendant domiciled in N. C. — no judgment in personam**

A judgment *in personam* could not properly be entered against defendant by a Hawaii court in plaintiff's action for divorce, since defendant was not domiciled in Hawaii at any of the times required by Hawaii statute for personal judgment to be rendered against an absent defendant.

**4. Judgments § 35— conclusiveness of judgment**

A judgment rendered by a court having jurisdiction to do so estops the parties to the action as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward.

**5. Divorce and Alimony § 22— establishment of paternity — obligation to support child — judgment in personam**

A judgment establishing the status of paternity necessarily fixes upon the adjudicated father a personal obligation for the support of the minor child; therefore, such judgment is one *in personam* and can be rendered only by a court having jurisdiction over the person of defendant.

**6. Constitutional Law § 26; Divorce and Alimony § 23— foreign judgment determining paternity — no in personam jurisdiction — no full faith and credit**

The courts of N. C. were not required to give full faith and credit to the determination by a Hawaii court that defendant was the father of plaintiff's child or to an order of the Hawaii court purporting to fix the amount which the defendant must pay for support of his alleged minor child, since the determination and order amounted to adjudications *in personam,* and the Hawaii court did not have *in personam* jurisdiction over defendant.

---

Brondum v. Cox

---

APPEAL by plaintiff from the decision of the Court of Appeals, reported in 30 N.C. App. 35, 226 S.E. 2d 193, reversing judgment by *Gentry, D.J.,* entered 2 October 1975 in the District Court of GUILFORD County, Judge Morris dissenting. This case was docketed and argued as No. 72 at the Fall Term 1976.

The plaintiff and defendant were married in Honolulu, Hawaii, 14 January 1968. The defendant, a native of North Carolina, was then in the United States Air Force and was stationed in Guam. Upon his discharge from the Air Force, they lived in California for a few months and, in February 1969, moved to Greensboro, North Carolina, where the defendant was employed. They lived there until February 1971. At that time they returned to Hawaii for the purpose of settling the estates of the plaintiff's parents, both of whom had then recently died. According to the testimony of the defendant, this return to Hawaii was not with the intent of remaining there permanently but only for so long as was necessary to settle the estates of of the plaintiff's parents. Domestic difficulties developed and, in August 1973, the defendant, knowing the plaintiff was pregnant, returned to North Carolina, since which time he has continued to reside and to be employed in North Carolina and has not returned to Hawaii.

On 11 September 1973, a daughter, Noelani May Cox was born to the plaintiff. The defendant contends that he is not the father of this child.

On 24 September 1973, the plaintiff filed suit for a divorce in the State of Hawaii, seeking in that action judgment for absolute divorce and an order requiring the defendant to make monthly payments for her support and for the support of the child, providing for custody of the child and providing for a division of the property of the parties and the payment by the defendant of a fee to her attorneys. The Hawaii court entered an order that service of the summons, complaint and related papers be made upon the defendant by registered or certified mail and ordered that actual receipt by the defendant of such papers be equivalent to personal service upon him. These suit papers were served upon the defendant in North Carolina by registered mail. The defendant filed no pleading in the Hawaii divorce action, did not appear therein and was not represented therein by counsel.

On 21 August 1974, the Hawaii court entered judgment in the wife's action for divorce in which the plaintiff was granted an absolute divorce and custody of "the minor child of the parties, subject to defendant's rights of reasonable visitation," and it was adjudged that the name and birth date "of the minor child of the parties" are as follows: "Noelani May Cox, September 11, 1973." This judgment also appointed a commissioner to sell and transfer the assets of the parties, directed the defendant to pay any remaining balance of indebtedness of the parties after the application of the proceeds of such assets and ordered the defendant to pay to the plaintiff, through the Chief Clerk of the Court, $100.00 per month for the support, maintenance and education of the child.

On 3 April 1975, the plaintiff filed in the Family Court of the First Circuit in the State of Hawaii a complaint for support, alleging that she is the ex-wife of the defendant; that she resides at a designated address in Hawaii; that the plaintiff is the mother and the defendant is the father of Noelani May Cox, born September 11, 1973; that the child is entitled to support from the defendant under the provisions of the Hawaii Uniform Reciprocal Enforcement of Support Act, Hawaii Revised Statutes, Chapter 576, a copy of which was attached to the complaint; that the defendant has refused and neglected to provide such support; that the defendant now resides in Greensboro, North Carolina; and that North Carolina has enacted a law substantially similar and reciprocal to the Hawaii Uniform Reciprocal Enforcement of Support Act. The prayer of the complaint was for an order for support directed to the defendant. The above mentioned divorce decree was attached to and made a part of this complaint.

On 14 April 1975, the Hawaii complaint for support, with attached exhibits, was filed in the District Court of Guilford County and on the following day summons was issued by that court and was served upon the defendant. The defendant filed answer in the District Court denying that he is the father of the child and admitting he has not provided support for her. In his answer the defendant prays that the court order a blood grouping test pursuant to G.S. 8-50.1 and that the court deny the relief prayed for in the complaint. The defendant demanded a jury trial on the issue of paternity and filed his motion pursuant to G.S. 1A-1, Rule 35, for the entry of an order requiring

the plaintiff, defendant and the child to submit to a blood grouping test pursuant to G.S. 8-50.1.

The matter came on for a hearing before the District Court upon the motion of the defendant for the blood grouping test and upon his demand for a jury trial on the issue of paternity. At this hearing no evidence was introduced by the plaintiff other than the above mentioned papers filed in the Hawaii court and the decree of divorce, above mentioned, entered by that court in which the Hawaii court found that it had jurisdiction to enter such decree and directed the defendant to make payments for the support of the child as above stated. The defendant appeared in the District Court and testified as above set forth.

The District Court made findings of fact, including findings as to the marriage, divorce, residence of the defendant, the entry of the Hawaii divorce action, service of the suit papers therein upon the defendant by registered mail, the failure of the defendant to appear in the Hawaii action, the hearing thereof and the entry of the decree therein, all as above set forth, the institution by the plaintiff in the Family Court of Hawaii of the present action under Hawaii's Uniform Reciprocal Enforcement of Support Act, the forwarding of the papers therein to the District Court of Guilford County, the issuance of summons by the District Court, service thereof upon the defendant, together with a copy of the Hawaii complaint, the filing of the above mentioned answer by the defendant and the filing of his said motions for a blood test and for a jury trial. The District Court concluded upon these findings as follows:

"1. The court in the Hawaii divorce action did not have *in personam* jurisdiction over defendant.

"2. The court in the Hawaii divorce action did have *in rem* jurisdiction to enter a divorce decree entitled to full faith and credit in North Carolina.

"3. The court in the Hawaii divorce action did have *in rem* jurisdiction to enter a custody order with respect to Noelani May Cox and said order is entitled to full faith and credit in North Carolina.

"4. Because the court in the Hawaii divorce custody action had *in rem* jurisdiction as to those matters, and because the issue of paternity was inextricably bound up

in the determination of these items, the finding of the Hawaii court as to the paternity of Noelani May Cox is conclusive as to the defendant, is entitled to full faith and credit in North Carolina, and may not be litigated by the defendant in North Carolina.

"5. Because the defendant is bound by the findings of a Hawaii court in the Hawaii divorce action, and because the Uniform Reciprocal Enforcement of Support Act does not permit a trial by jury, a trial by jury on the issue of paternity is precluded."

The District Court, therefore, adjudged that the defendant's motion for a blood grouping test be denied and that his motion for a jury trial be denied.

From the entry of this order the defendant appealed to the Court of Appeals, which, Judge Morris dissenting, reversed the judgment of the District Court in both respects.

*Rufus L. Edmisten, Attorney General, by Parks H. Icenhour, Assistant Attorney General, and David D. Ward, Associate Attorney, for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by William W. Jordan and Janet L. Covey for defendant appellee.*

LAKE, Justice.

The plaintiff instituted her action for divorce in the Family Court of Hawaii on 24 September 1973. She alleged in her complaint: "Either or each party has been domiciled or has been physically present in this State for a continuous period of at least one year and the Plaintiff has been domiciled or has been physically present in this Circuit for a continuous period of at least three months next preceding this application for divorce." The summons and complaint in that action were served upon the defendant in North Carolina by registered mail. The defendant so concedes. Thus, he had actual notice of the pendency of the proceeding in Hawaii and of the allegations of the complaint and the prayer for relief contained therein. He filed no responsive pleading and made no appearance in that action. The Hawaii court thereupon entered judgment in which it "adjudged and decreed that: (1) A decree of absolute divorce is hereby granted to Plaintiff * * * . (2) Plaintiff is awarded the care, custody and control of the minor child * * * of the parties * * *.

---

**Brondum v. Cox**

---

(3) The name and birth date of the minor child of the parties are as follows: * * * Noelani May Cox * * * September 11, 1973."

Prior to the institution of the divorce action, the defendant had left the State of Hawaii with no intent to return thereto and with the intent to make his home in North Carolina, which he did and has continued to do. He has not denied that the plaintiff wife was domiciled in the State of Hawaii at the time the divorce action was instituted by her.

In the Restatement of Judgments, § 33, Comment a, it is said:

"A State can exercise through its courts jurisdiction to dissolve the marriage of spouses of whom one is domiciled within the State and the other is domiciled outside the State, if the spouse who is not domiciled within the State has consented that the other spouse acquire a separate home, or by his or her misconduct has ceased to have the right to object to the acquisition of such separate home, or is personally subject to the jurisdiction of the State which grants the divorce; or if the State is the last State in which the spouses were domiciled together as man and wife."

In the Restatement of Conflict of Laws, 2d, § 72, it is stated:

"A state has power to exercise judicial jurisdiction to dissolve the marriage of spouses, neither of whom is domiciled in the state, if either spouse has such a relationship to the state as would make it reasonable for the state to dissolve the marriage."

[1] Clearly, under the circumstances of this case, the State of Hawaii had jurisdiction to entertain the plaintiff's divorce action and to grant her the divorce prayed for. This part of the Hawaii judgment must, therefore, be given full faith and credit by the courts of North Carolina. *Williams v. North Carolina*, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). Defendant does not, in the present proceeding, deny the validity of the Hawaii divorce, as such.

[2] Again, "A state has power to exercise judicial jurisdiction to determine the custody" of a child who is present in the state, Restatement of Conflict of Laws, 2d, § 79. Thus, the Hawaii

court had jurisdiction to award the custody of Noelani May Cox to the plaintiff mother, but that is a different matter from a determination that the defendant is the father of the child and, therefore, has responsibility for her support.

As an incident to the divorce decree, the Hawaii court "adjudged" the plaintiff's daughter, Noelani May Cox, the child "of the parties"; that is, the child of the defendant as she was alleged to be in the complaint served upon the defendant in North Carolina by registered mail. The question is whether the Hawaii court has jurisdiction to render this part of its judgment. If so, it too must be given full faith and credit by the courts of North Carolina, otherwise not.

[3]  In the divorce action the Hawaii court did not have jurisdiction over the person of the defendant. At the time that action was instituted, the defendant was not domiciled in or physically present in the State of Hawaii. Hawaii Revised Statutes, § 580-3.5, provides:

> "*Personal judgment against absent defendant.* In any proceeding in the family court, the court shall have the power to render a personal judgment against a party who is outside of this State and over whom jurisdiction is acquired by service of process [by registered mail] if the party was personally served with a copy of the summons or order to show cause and complaint or other pleading upon which the judgment is based *and* if the party was a domiciliary of this State (1) at the time that the cause of action which is the subject of the proceeding arose, or (2) at the time of the commencement of the proceeding, or (3) at the time of service." (Emphasis added.)

Since the defendant was not domiciled in Hawaii at either of the times so specified in the statute, a judgment in personam could not properly be entered against him by the Hawaii court in the plaintiff's action for divorce. Thus, if the adjudication that Noelani May Cox is the child of the defendant was a judgment in personam, that portion of the Hawaii judgment is void for want of jurisdiction and is not entitled to full faith and credit in the courts of this State. If, on the other hand, this adjudication was a judgment in rem, the Hawaii court did have jurisdiction to render it and it must be given full faith and credit in the courts of North Carolina.

[4]   This portion of the judgment rendered by the Hawaii court was an adjudication of the status of the child in relation to the defendant. Obviously, by virtue of the allegations of the complaint and the prayer for relief contained therein, the defendant had actual notice that the question of the child's status in relation to him was before the Hawaii court for determination and had ample opportunity to be heard in that court in opposition to the contention of the plaintiff with reference thereto. A judgment rendered by a court having jurisdiction to do so estops the parties to the action "as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward." *Bruton v. Light Co.*, 217 N.C. 1, 6 S.E. 2d 822 (1940). This well established rule has been applied in other jurisdictions to determinations of paternity in divorce proceedings in which the husband and alleged father did not appear or did not contest his paternity of the child. *Garcia v. Garcia*, 148 Cal. App. 2d 147, 306 P. 2d 80 (1957) ; *Peercy v. Peercy*, 154 Colo. 575, 392 P. 2d 609 (1964) ; *Farmer v. Farmer*, 177 Kan. 657, 281 P. 2d 1075 (1955) ; *Byrd v. Travelers Insurance Co.*, 275 S.W. 2d 861 (Tex. Civ. App. 1955). In our opinion, this is a correct application of the rule. Thus, if the Hawaii court had jurisdiction to determine the status of the child in re'ation to the defendant, its determination thereof would be binding upon the defendant in the courts of this State, notwithstanding his failure to appear and to contest the issue of paternity.

Nothing else appearing, the liability of a man for the support of a child born to his wife and conceived during coverture may be determined in and as an incidental feature of an action brought by the wife for divorce in a court having jurisdiction to grant such divorce. However, the right to support is the right of the child, and the mother's action for a divorce can confer upon the court no greater jurisdiction to determine the status of the child in relation to the husband than would an action brought by the child to establish such status.

In *Hartford v. Superior Court for the County of Los Angeles,* 47 Cal. 2d 477, 304 P. 2d 1 (1956), an illegitimate child domiciled in California sued for a declaration that the defendant, domiciled in New York, was his father, the mother of the child being dead. The summons and complaint in the California action was served upon the defendant by publication and by

---

---

personal service in New York. The defendant moved to quash the service, which motion the trial court denied. On appeal the Supreme Court of California reversed, saying through Justice Traynor:

"Defendant contends that the relief sought is necessarily a personal judgment against him and that since he is not a California domiciliary * * * it would deny him due process of law to sustain the service of process made outside the state. * * *

"[The California Code of Civil Procedure, § 417 provided that the court had power to render a personal judgment only if the defendant was personally served *and was a resident of California* at the time of the commencement of the action or at the time of service.]

"Plaintiff contends that since the purpose of the proceeding is only to establish the status of the parties as parent and child, it is a proceeding in rem and that therefore personal service within the state is not required * * *. We do not believe, however, that because the present proceeding is concerned solely with status it must necessarily be classified as a proceeding in rem, particularly if such a classification would result in making the judgment binding as to the status of the parties in subsequent litigation between them or others. The purpose of the particular action brought under Civil Code section 231 must be considered to determine how it should be characterized.

"That section provides for declarations of both the existence and nonexistence of the relation of parent and child by birth or adoption, and a distinction may reasonably be drawn between a proceeding to establish that the defendant is not the plaintiff's parent and one to establish that he is. By analogy to the rule applicable to ex parte divorces, it could reasonably be contended that the state may adjudicate the nonexistence of the parent-child relationship between its domiciliary and a person not subject to its jurisdiction if adequate notice is provided. [Citations omitted.] The severing of a relationship or an adjudication that it never existed for the purpose of establishing the parties' freedom from it in the future is not the same thing, however, as creating it or establishing its present existence. * * * Basically the difference is between the state's power

Brondum v. Cox

to insulate its domiciliary from a relationship with one not within its jurisdiction and its lack of power to reach out and fasten a relationship upon a person over whom it has no jurisdiction. [Citations omitted.]

"Plaintiff correctly concedes that if the purposes of the present action were to enforce a duty of support or some other personal obligation growing out of the parent-child relationship, personal jurisdiction over defendant would be essential. [Citations omitted.] This requirement cannot be avoided by limiting the relief sought to a binding adjudication of the parties' status, since such an adjudication would prevent relitigation of the basic issue on which defendant's personal obligations to plaintiff must rest and to that extent would necessarily constitute a personal judgment against him. [Citations omitted.]

\* \* \*

"Since under the circumstances of this case, personal jurisdiction over defendant is essential for such action, the service upon him outside the state was ineffective."

In *Watkins v. Watkins,* 194 Tenn. 621, 254 S.W. 2d 735 (1953), the court held that jurisdiction over the person of the defendant is essential to a judgment on a motion by the wife in a divorce action to determine the status of her children for the purpose of their future support in the event the husband should return to the jurisdiction of the court. In *Neill v. Ridner,* 286 N.E. 2d 427 (Ind., 1972), the court said that a paternity action is an action in personam. To the same effect see, *In Re Hindi,* 71 Ariz. 17, 222 P. 2d 991 (1950) and *State v. Murphy,* 354 S.W. 2d 42 (Mo., 1962). In a lengthy note entitled "Developments in the Law-State Court Jurisdiction," in 73 Harv. L. Rev. 909, at page 979, it is said:

"*Paternity.*—For jurisdictional purposes the action of paternity has been uniformly treated very much like the ordinary tort action. \* \* \* Although the paternity plaintiff has occasionally argued that jurisdiction should be assumed ex parte, that contention has been universally rejected even by courts which have found no difficulty in sustaining ex parte jurisdiction over divorce, on the ground that there exists a fundamental difference between actions such as divorce which merely sever a personal status— although they may continue preexisting obligations—and

Brondum v. Cox

actions like paternity which impose new affirmative duties and obligations. * * * Because of the extremely harsh and unfair consequences of an erroneous judgment, jurisdiction in paternity cases should be allowed only upon compliance with the general criteria of fairness and convenience applicable to other types of personal actions considered above."

[5, 6] A judgment establishing the status of paternity necessarily fixes upon the adjudicated father a personal obligation for the support of the minor child. We, therefore, conclude that such judgment is one in personam and can be rendered only by a court having jurisdiction over the person of the defendant. It would, of course, be true that the order of the Hawaii court purporting to fix the amount which the defendant must pay for the support of his alleged minor child is a judgment in personam which the courts of this State are not required to give full faith and credit since the Hawaii court did not have jurisdiction over the person of the defendant. Since the Hawaii court's adjudication of paternity, if given full faith and credit, is a final determination of the defendant's personal liability, though the amount to be paid remains undetermined, we conclude that it also is an adjudication in personam.

It follows that the courts of this State are not required to give full faith and credit to the determination by the Family Court of Hawaii that the defendant is the father of Noelani May Cox. In the present action brought under the Uniform Reciprocal Enforcement of Support Act, G.S. Chapter 52A, the issue of paternity may be relitigated and, in that relitigation, the defendant is entitled to an order directing that the mother and child submit to a blood grouping test as provided in G.S. 8-50.1. If it be determined that the defendant is the father of the child, the duty of support is that provided in G.S. 52A-8.

We find no error in the judgment of the Court of Appeals reversing the denial by the District Court of the defendant's motion for a blood grouping test and his motion for a trial by jury.

Affirmed.