BETTIE L. PATTERSON v. JOE GLENN PHILLIPS

No. 8125DC73

(Filed 15 September 1981)

1. **Constitutional Law § 26— full faith and credit—paternity determined in another state**

   Where a court in another state held that the defendant was the father of three minors and no attack was made on the jurisdiction of the court in the other state, full faith and credit must be given to that state's decree.

2. **Bastards § 10; Parent and Child § 10— support action—admissibility of documents establishing paternity**

   In an action for support, where plaintiff, in her pleadings, stated that the defendant was the father of three minors, she was entitled to show this by introducing documents from another jurisdiction establishing paternity conclusively.

APPEAL by defendant from *Tate, Judge.* Judgment entered 6 August 1980 in District Court, CALDWELL County. Heard in the Court of Appeals 1 September 1981.

This is an action commenced in Monroe County, Michigan, under the Uniform Reciprocal Enforcement of Support Act, in which the plaintiff seeks support for three minor children. The action was transmitted to the District Court of Caldwell County where the defendant was served with process. He filed an answer in which he denied paternity and requested a jury trial.

A hearing was held in the District Court of Caldwell County at which the plaintiff introduced into evidence properly authen-

ticated copies of proceedings of the Circuit Court of Monroe County, Michigan, which showed that the respondent accepted service on 13 October 1970 of a summons, and copy of a complaint in which it was alleged that he was the father of the three minors. On 12 March 1971 a judgment was entered in the Circuit Court of Monroe County holding that the defendant was the father of the three minors and ordering him to make payments for their support.

At the conclusion of the hearing in the District Court of Caldwell County, the court entered an order requiring the defendant to pay $150.00 per month for the support of the three children. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Henry H. Burgwyn, for plaintiff appellee.*

*Wilson, Palmer and Cannon, by Bruce L. Cannon, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to the court's refusal to submit the paternity issue to a jury. This assignment of error is overruled. Article IV § 1 of the United States Constitution provides:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

A court in the State of Michigan has held that the defendant is the father of the three minors. No attack has been made on the jurisdiction of the court in Michigan and under the United States Constitution we are required to give full faith and credit to its decree. *See Milwaukee County v. M. E. White Co.*, 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935).

The defendant, relying on *Brondum v. Cox*, 292 N.C. 192, 232 S.E. 2d 687 (1977) argues the defendant is entitled to have the jury pass on the paternity issue. We believe our holding in this case is consistent with *Brondum*. In that case a court in Hawaii had adjudicated the paternity issue without personal service on the defendant. Our Supreme Court held that without jurisdiction

over the person of the defendant the Hawaiian decree was not entitled to full faith and credit in North Carolina. In this case there was personal service on the defendant before the decree was entered by the Circuit Court of Monroe County.

[2] The defendant next assigns error to the admission into evidence of the documents from the Circuit Court of Monroe County. The defendant contends that the plaintiff was attempting to estop him from denying paternity; that estoppel is an affirmative defense and must be pleaded under G.S. 1A-1, Rule 8(c) before the plaintiff could introduce the documents. The difficulty with the defendant's argument is that the plaintiff was stating a claim and she was not pleading a defense. The plaintiff in her pleadings stated that the defendant was the father of the minors. She was entitled to show this by introducing the documents from the Circuit Court of Monroe County which established it conclusively. This assignment of error is overruled.

Affirmed.

Judges VAUGHN and ARNOLD concur.