**James SLAVENS, Appellant,**

v.

**Christina A. SLAVENS, Respondent.**

**No. WD 74793.**

Missouri Court of Appeals,
Western District.

Sept. 25, 2012.

Catherine Earnshaw–Hobbs, Lee's Summit, MO, for appellant.

James R. Piedimonte, Independence, MO, for respondent.

Before DIV III: VICTOR C. HOWARD, Presiding Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

James Slavens ("James")[1] appeals from the trial court's judgment that denied his motion to modify the Kansas judgment for dissolution of marriage as to parenting

---

1. Because James Slavens and Christina Slavens share the same surname, we refer to each by their first name for purposes of clarity. No familiarity or disrespect is intended.

time ("the Motion"). James contends on appeal that the trial court should have granted the Motion because (1) the Kansas judgment should not have be given full faith and credit, as Missouri has a greater sovereign interest than Kansas in protecting the relationships between its resident children and their parents; (2) the Kansas judgment was self-modifying and, therefore, unenforceable; and (3) the Kansas judgment does not comply with section 452.310.[2] Because James's points relied on were not preserved, we dismiss the appeal.

## Factual and Procedural Background

James and Christina Slavens ("Christina") were divorced in Kansas in 2009. At the time of the divorce, James lived in Leavenworth County, Kansas, and Christina lived in Jackson County, Missouri. James and Christina are the parents of two children: a daughter who was five years old at the time of the divorce and a son who was two years old at the time of the divorce ("the children"). The Kansas judgment awarded joint legal custody to James and Christina but gave primary residential placement to Christina. The Kansas court entered a two-part parenting plan. The first part of the parenting plan gave James parenting time with the children from Wednesday afternoon until Friday afternoon and alternating weekends. Christina was awarded the remaining parenting time. On August 1, 2011, two years after the entry of the Kansas judgment, the second part of the parenting plan took effect. The second part of the parenting plan gave James parenting time during the school year from Wednesday after school until Thursday morning before school and alternating weekends. During the summer, though, James was granted parenting time from Wednesday at 5:00 p.m. to Thursday at 5:00 p.m. and alternating weekends. The Kansas judgment specified that "[a]ll other times, including holidays, are as per Leavenworth County Guidelines." James did not request a new trial or appeal the entry of the Kansas judgment.

James moved to Jackson County, Missouri in the first half of 2011.[3] On March 3, 2011, James filed the Motion in the trial court, arguing that pursuant to section 452.410, "continuing and substantial changed circumstances" warranted a modification of the Kansas judgment. The Motion identified the following changed circumstances: (1) "It is in the best interest of the minor children that the parties have the same amount of parenting time as ordered for periods prior to August 1, 2011 remain in place for all periods after that" [sic]; (2) "[James] does not present any physical or emotional danger to the parties' minor children that would justify a reduction in the parenting time set apart for him"; and (3) [T]he children do not require as much day care as when the court's prior order was entered." The Motion asserted that the Kansas judgment should be modified "to designate [James's] address as the children's address for school and mailing purposes or, in the alternative, to modify the parenting time set aside to each of the parents to grant [James] parenting time in accord with the parenting time set aside to him for the periods prior to August 1, 2011." The

---

**2.** All statutory references are to RSMo 2000 as supplemented unless otherwise indicated. Section 452.310 sets forth various required provisions in a parenting plan.

**3.** James and Christina dispute when James moved to Missouri, and the record is unclear as to the date James established a Missouri residence. The record clearly indicates that James filed the Motion either in response to or in anticipation of James's change of residence from Kansas to Missouri.

essence of James's Motion was that his move to Missouri was a changed circumstance that warranted modification of the Kansas judgment to prevent automatic change in the parties' custodial arrangements set to take effect on August 1, 2011.

After a two-day hearing during which James testified, the trial court entered a judgment denying the Motion.

James filed a motion for reconsideration and to amend the judgment, which argued that the trial court erred: (1) in failing to find James's relocation to Missouri a changed circumstance; (2) in granting full faith and credit to the Kansas judgment; (3) in refusing to modify the Kansas judgment because it is vague and fails to comply with section 452.310; (4) in failing to make written findings pursuant to section 452.375 explaining why James's purposed custodial arrangement was rejected; and (5) in upholding the self-modifying Kansas judgment. The trial court issued an amended judgment that made written "best interest" findings pursuant to section 452.375 addressing the trial court's rejection of James's Motion ("Amended Judgment"). James's motion for reconsideration and to amend the judgment was denied in all other respects.

James appeals.

## Analysis

James argues on appeal that the trial court erred in denying the Motion and asserts three points relied on. First, James claims that the Kansas judgment should not be given full faith and credit because Missouri has a greater sovereign interest in protecting the relationships between its resident children and their parents. Second, James contends that the Kansas judgment is self-modifying and is thus unenforceable. Third, James maintains that the Kansas judgment does not comply with section 452.310, which requires parenting plans to contain provi-

sions regarding the "custody, visitation and residential time for each child with each [parent]," including vacation time, holiday and special days, and the transfer for the children between the parents, and provisions regarding "legal custody which details how the decision-making rights and responsibilities will be shared between the [parents]." James's first and second points on appeal attack the enforceability of the Kansas judgment based on its alleged invalidity at the time of its entry. James's third point relied on attacks the Kansas judgment because it does not include provisions which would have been required had the judgment been entered initially in Missouri.

■ Our initial task is to determine whether James's arguments are preserved for appeal. The Motion was filed pursuant to section 452.410, the statute which permits a prior custody decree to be modified based on changed circumstances. In essence, the Motion argued that James's relocation to Missouri changed the circumstances which led to inclusion of the self-modifying provision of the Kansas judgment that altered physical custody as of August 1, 2011. The trial court's Amended Judgment denied the Motion, finding that:

> While [James's] change of residency may be considered a change in the factual circumstances since the entry of the Kansas Decree, this Court does not find that a modification of the Kansas Decree is necessary to serve the best interests of the children based upon the evidence as a whole presented to the Court. The Court finds, based upon the evidence presented as a whole and applying same to the applicable law, it is in the best interest of the children that the parenting plan ordered in the Kansas Decree not be modified.

In making this determination, the trial court complied with section 452.410.1, which provides that if changed circumstances are demonstrated,[4] the court must then determine whether the best interests of the children would be served by modification of the custody plan.

On appeal, James does not contest the trial court's best interest findings. Instead, having failed to sustain his burden to prove that the best interests of the children warranted modification of the parties' parenting plan because of his change in residence, James now elects to employ a different tactic. James now attacks the validity of the Kansas judgment. The Motion did not challenge the validity of the Kansas judgment upon its entry or as a function of its failure to comport with Missouri statutory requirements. Thus, the issues raised on appeal were not tried to the trial court. "Appellate courts are merely courts of review for trial court errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Robbins v. Robbins*, 328 S.W.2d 552, 555 (Mo.1959).

We are mindful that after the trial court entered its original judgment denying the section 452.410 Motion, James filed a motion for reconsideration and to amend the judgment. That post-trial motion challenged the validity the Kansas judgment arguing (1) the Kansas judgment should not be given full faith and credit; (2) the Kansas judgment is unlawfully self-modifying; and (3) the Kansas judgment does not comply with section 452.310. These arguments, of course, mirror the points raised on appeal. James's preservation concerns are not resolved by that fact, however.

" 'A party on appeal generally must stand or fall by *the theory on which he tried and submitted his case* in the court below.' " *In re J.L.B.*, 280 S.W.3d 147, 155 (Mo.App. S.D.2009) (quoting *Kleim v. Sansone*, 248 S.W.3d 599, 602 (Mo. banc 2008) (emphasis added)). Here, James tried and submitted the Motion seeking relief under section 452.410 based on changed circumstances. In other words, James sought to enforce the Kansas judgment, albeit in a modified form. James's motion for reconsideration and to amend the judgment argued in contrast that the "self-modifying" custodial arrangements in the Kansas judgment were unenforceable, and that the parenting plan as a whole was unenforceable in Missouri because the Kansas judgment did not contain parenting plan provisions required by Missouri statute. Introducing new legal theories in a motion for reconsideration and to amend the judgment does not preserve those newly raised theories for appellate review. *See Allen v. Allen*, 330 S.W.3d 838, 839 (Mo.App. S.D.2011) ("To preserve an issue for appeal to this Court by raising it in her motion for new trial Mother was required to present the issue or objection to the trial court during the trial as opposed to raising it for the first time in the motion. In that Mother clearly asserted this issue for the first time in her motion for new trial, it was not preserved for appellate review on that basis." (citations omitted)).

In any event, James's points on appeal are not availing, even had they been preserved for our review. James's complaints revolve around the self-modifying aspect of the parenting plan in the

---

4. Section 452.410.1 permits modification of a prior custody decree if "a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

The changed circumstances need not be substantial, as long as the motion to modify merely seeks a change in the schedule of parenting time. *Russell v. Russell*, 210 S.W.3d 191, 194 (Mo. banc 2007).

Kansas judgment, and the judgment's failure to include parenting plan provisions required by Missouri law.

 James concedes that he did not seek appellate review in Kansas of the self-modifying provisions of the Kansas judgment. Thus, the Kansas judgment became final and would not have been subject to collateral attack in Kansas on the grounds that self-modifying custodial arrangements are not valid. *Smith v. Power*, 155 Kan. 612, 127 P.2d 452, 454 (1942) (holding a judgment that is not appealed becomes final and the judgment cannot be collaterally attacked in a subsequent proceeding complaining about erroneous rulings or irregularities). Similarly, the Kansas judgment is not subject to collateral attack in Missouri. "The only defenses that may be raised collaterally to attack a foreign judgment are 1) lack of jurisdiction over the subject matter; 2) failure to give due notice, or 3) fraud in the procurement or concoction of the judgment." *Prom Motor Hotel, Inc. v. Motel Training Co. of America*, 686 S.W.2d 896, 897 (Mo.App. W.D. 1985). The defects claimed in the Kansas judgment do not fall into any of these categories.

As for the claim that the Kansas judgment failed to include parenting plan provisions required by Missouri statute, James offers us no authority for the proposition that a foreign domestic decree is unenforceable and/or subject to mandatory modification if it fails to conform with Missouri statutory requirements addressing the form or substance of the judgment. "Where . . . the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal." *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978).

**Conclusion**

James has not preserved the issues raised on appeal for our review. The appeal is dismissed.

All concur.